(173 App. Div. 451)

PEOPLE ex rel. WEEKS, Dist. Atty., v. PLATT, Justice of the Supreme Court, et al.

(Supreme Court, Appellate Division, Second Department. June 16, 1916.)

1. PROHIBITION ⊗═10(3)—GROUNDS—JUDICIAL PROCEEDING.

In cases of extreme necessity, where no adequate remedy exists, prohibition is appropriate when it satisfactorily appears that a justice of a court having original jurisdiction is about to act beyond its legitimate powers and in excess of its jurisdiction.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 43; Dec. Dig. ⊗═10(3).]

2. INDICTMENT AND INFORMATION ⊗═147—DEMURRER.

Under Code Cr. Proc. §§ 323, 327, a demurrer must lie, if at all, to the whole of an indictment, and, if any of several counts therein state a crime, it is not demurrable.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 490–494; Dec. Dig. ⊗═147.]

3. INDICTMENT AND INFORMATION ⊗═125(3)—CHARGING MORE THAN ONE CRIME.

Where an indictment charges a crime in one count, and merely scandalous and irrelevant matter in another, it is not demurrable as charging more than one crime, under Code Cr. Proc. §§ 278, 279, providing that the indictment must charge but one crime, although the crime may be charged in separate counts to have been committed in a different manner.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 335; Dec. Dig. ⊗═125(3).]

4. COURTS ⊗═113—ORGANIZATION—RECORDS.

There is in a court of record a general authority over its own records.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 365, 366; Dec. Dig. § 113.]

5. STATUTES ⊗═241(1)—ORGANIZATION AND POWERS OF COURTS.

The Code of Criminal Procedure is not to be deemed to have limited the power of the courts, in practice or procedure, beyond the scope of its provisions.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 322; Dec. Dig. ⊗═241(1).]

6. CRIMINAL LAW ⊗═1004—APPEAL AND ERROR—STATUTORY PROVISIONS.

The right of appeal in criminal cases is purely statutory.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. ⊗═1004.]

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**7. PROHIBITION ☞5(4)—JUDICIAL PROCEEDINGS—STRIKING OUT IRRELEVANT MATTER FROM INDICTMENT.**

Prohibition does not lie to restrain the Supreme Court from expunging, from an indictment containing a good count, irrelevant, scandalous, and prejudicial matter stated in a separate count, professing to charge, but not charging, a crime, though no other remedy, such as appeal, demurrer, or motion to set aside, affords relief.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 30; Dec. Dig. ☞5(4).]

Prohibition by the People, on the relation of Frederick E. Weeks, District Attorney, against William P. Platt, Justice of the Supreme Court, and another. On motion by the relator to have the alternative writ made absolute. Denied.

See, also, 158 N. Y. Supp. 330, 419, 572.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and RICH, JJ.

William J. Fallon, Asst. Dist. Atty., of White Plains, for the motion.

George Gordon Battle, of New York City (Michael J. Tierney, of New Rochelle, on the brief), opposed.

STAPLETON, J. The district attorney of Westchester county, having charge of a criminal action, prays to have an alternative writ of prohibition made absolute. The alternative writ is directed to one of the Justices of the Supreme Court designated to hold a Trial Term of the court in the county where the action is pending. The defendant in the criminal action is a party. The material facts are not disputed. The alternative writ commands that the Justice refrain from proceeding on a motion, made in the criminal action, to strike out or set aside a count in the indictment.

[1] In cases of extreme necessity, where no other adequate remedy exists, the writ is appropriate whenever it satisfactorily appears to the Appellate Division that a justice of a court having original jurisdiction is about to act beyond its legitimate powers and in excess of its jurisdiction. Quimbo Appo v. People, 20 N. Y. 531; People ex rel. Jerome v. General Sessions, 185 N. Y. 504, 78 N. E. 149. The indictment contains six separate counts. It is conceded that two or more counts contain plain and concise statements of acts constituting the misdemeanor which is defined in section 1841 of the Penal Law (Consol. Laws, c. 40):

"A public officer, or person holding a public trust or employment, upon whom any duty is enjoined by law, who willfully neglects to perform the duty, is guilty of a misdemeanor."

In so far as the indictment affects the last-mentioned counts, we of course are not testing it in this proceeding by the standards fixed by sections 278 and 279 of the Code of Criminal Procedure. The sixth count contains no statement of acts constituting a crime. It contains characterizations that are legally meaningless in the legitimate prosecution of a criminal action, but oppressively injurious by suggestion.

[2] Confronted with such an indictment, what was the defendant's proper move? He could not demur on the ground that it appears on

the face of the indictment that the facts stated do not constitute a crime, because it contains counts that did allege facts constituting a crime. Cullen, C. J., in People v. Rosenheimer, 209 N. Y. 115, 118, 102 N. E. 530, 531 (46 L. R. A. [N. S.] 977, Ann. Cas. 1915A, 161) said:

"A demurrer must lie, if at all, to the whole of an indictment."

The learned district attorney asserts this is dictum. Certainly it is the deliberate statement of an eminent jurist, and it has a solid foundation in the plain words of the Code of Criminal Procedure (sections 323, 327). We accept it as expressive of the law.

[3] Defendant could not demur on the ground that it appears on the face of the indictment "that more than one crime is charged in the indictment within the meaning of sections 278 or 279" of the Code of Criminal Procedure. We have expressed our opinion that the sixth count does not state facts constituting a crime.

Defendant could not demur on the ground that it appears on the face of the indictment "that the indictment does not conform substantially to the requirements of sections 275 and 276" of the Code of Criminal Procedure. This ground of demurrer reaches substantial deficiencies, not injurious irrelevancies. See People v. Grutz, 212 N. Y. 72, 75, 105 N. E. 843, L. R. A. 1915D, 229, Ann. Cas. 1915D, 167. The indictment contains the title of the action, specifying the court to which it is presented and the names of the parties. Some counts in it contain a plain and concise statement of the act constituting the crime, without unnecessary repetition, and are pleaded in the permitted prescribed form. It is signed by the district attorney.

The other grounds of demurrer, and the grounds upon which an indictment may be set aside on motion, afford no relief. Sections 313 and 323 of the Code of Criminal Procedure.

It is the design of our system of jurisprudence to give a fair trial to a defendant indicted for a crime, to guard against convictions being obtained through improper means or indirect influences, to prohibit the introduction against a defendant of evidence not tending to prove his guilt of the particular crime or crimes charged as the result of the same transaction or series of transactions, but which merely excite prejudice against him by tending to prove him guilty of an offense which could not be joined in the indictment.

The primary purpose of the rules of pleading prescribed by the Code of Criminal Procedure is to subject to test the sufficiency of pleadings. Sections 273, 274, 275, 276, 323, Code of Criminal Procedure. Duplicity, an ancient vice, is subjected to restraint. Sections 278, 279, and subdivision 3, § 323, Code of Criminal Procedure.

[4, 5] A statement of scandalous and irrelevant matter in an indictment is of recent origin. There is no express Code provision for the expunction from an indictment of harmful irrelevancies. There is in a court of record a general authority over its own records. Barker v. Binninger, 14 N. Y. 270, 278, 280. The Code of Criminal Procedure is not to be deemed to have limited the power of the courts, in practice or procedure, beyond the scope of its provisions. People v. Wilson, 151 N. Y. 403, 409, 45 N. E. 862; see People v. Clark (O. & T.)

14 N. Y. Supp. 642, 644. The Legislature having failed to prescribe the method of expunging, from an indictment containing a good count, irrelevant, scandalous, and prejudicial matter stated in a separate count professing to charge, but not charging, a crime, we are unwilling to concede that the court in which the indictment is tried is powerless to protect the defendant from so gross an injustice.

[6, 7] It is argued that, if the power to strike out matter in an indictment be held to exist, trial courts may err and the people have no remedy by appeal. "The legal presumption is that every court will decide right, and conduct the proceedings before them fairly, impartially, and correctly." Wolfe v. Burke, 56 N. Y. 115, 119. The right of appeal in criminal cases is purely statutory, and the Legislature has conferred appellate jurisdiction where it deemed it to be essential to promote substantial justice. People v. Zerillo, 200 N. Y. 443, 93 N. E. 1108. Until jurisdiction is conferred to review intermediate orders on the appeal of the people, they must be satisfied with the determination of the court having original jurisdiction, acting within its legitimate power. Prohibition is not available. People ex rel. Martin v. Brady, 168 App. Div. 108, 153 N. Y. Supp. 893.

A final order should be made against the relator, without costs, authorizing the defendants, the justice and the adverse party, to proceed in the criminal action as if the alternative writ had not been issued. All concur.