In the Matter of the Application of HENRY HIRSCHBERG, District Attorney of the County of Orange, State of New York, Petitioner, for a Prohibition Order against ORANGE COUNTY COURT and Others, Respondents.*

Supreme Court, Orange County, September 5, 1935.

*Henry Hirschberg* for the petitioner.

*Henry Hunter*, for the respondent Thompson.

WITSCHIEF, J. On or about September 5, 1934, Peter Thompson was indicted by the grand jury charged with the crime of murder in the second degree. He was tried under the said indictment and on or about November 1, 1934, a verdict of guilty of the crime of manslaughter in the second degree was returned. Thereafter the district attorney of Orange county filed an information pursuant to section 1943 of the Penal Law charging the said Peter Thompson with being a second offender in that on or about June 23, 1921, in the County Court of Orange county, he had been convicted of the crime of burglary in the third degree rendered upon a plea of guilty. Thompson refused to plead to this information and presumably a plea of not guilty was entered and thereupon a jury was impaneled and a trial had, and on November 23, 1934, the jury rendered a verdict that he was the same man who had been convicted of the crime of burglary in the third degree in 1931, whereupon he was sentenced as a second offender to serve a term of fifteen years in Sing Sing. No appeal was taken by Thompson either from the judgment of conviction of the crime of manslaughter in the second degree or from the judgment of conviction as a second offender, and he is now serving his term of imprisonment pursuant to the

* See, also, *People* v. *Thompson* (156 Misc. 865).

judgments of conviction. In May, 1935, he petitioned the County Court of the county of Orange to correct an alleged error in the record of his conviction of the crime of burglary in the third degree, claiming that in truth and fact he had not pleaded guilty to the crime of burglary in the third degree but had pleaded guilty to a misdemeanor, to wit, unlawful entry. He sought to correct this alleged error in the records of the County Court so that he might thereafter apply for a modified sentence under the judgment of conviction of manslaughter in the second degree, since he would then be a first offender and not a second offender. An order to show cause was granted by the County Court of Orange county, and, the county judge claiming disqualification, the petition was referred to the special county judge of Orange county. The special county judge assumed jurisdiction of the proceeding and directed that twenty-five jurors be drawn from the official jury list of the county of Orange, after which it was proposed to fix a time and place for the trial of the issues before said jury. The issues were not defined by the order, but presumably they included the issue as to whether or not Peter Thompson in 1921 pleaded guilty to the misdemeanor of unlawful entry or to the crime of burglary in the third degree. Upon the trial of the information charging him with being a second offender, testimony was offered by Thompson that the records of the Orange County Court were incorrect in that they showed that he had pleaded guilty to the crime of burglary in the third degree, whereas in fact he had pleaded guilty to the misdemeanor of unlawful entry, but such testimony was excluded and that issue was not tried. The Court of Appeals appears to have held that the only issue which is to be tried before a jury in such a case is the identity of the prisoner. (*People* v. *Gowasky*, 244 N. Y. 451, 464.) The correctness of the record of the County Court showing the conviction of Thompson of the crime of burglary in the third degree not having been in issue and not having been tried, the judgment of conviction which determined that Thompson is a second offender is not *res adjudicata* as to the correctness of such record. The district attorney of Orange county has applied for an order of prohibition against the County Court of Orange county requiring it to refrain from any further proceedings in the matter of the petition of said Thompson to correct the records of the County Court and from impaneling a jury, etc. The facts are not in dispute and the sole question presented relates to the power of a court to correct its records. The question whether the records shall be corrected is not presented upon this motion. The sole question presented is whether the County Court has the power to correct its records. The lapse of time since the conviction in 1921

undoubtedly presents difficulties in the way of showing either the correctness or the incorrectness of the records then made. Whether any witness can possibly have an independent recollection at this late date of what occurred upon the arraignment of Thompson in 1921 is a serious question. Obviously, what must have happened or what probably happened would not constitute very effective proof as to what did happen, in the face of the record made at the time. But these considerations go only to the weight to be accorded such testimony as may now be available, and have no bearing upon the sole question presented upon this application, which is the question of power in the County Court to correct its records. No parallel case has been found in this or any other jurisdiction, but a number of cases have been found in which it has been held that a court possesses general authority over its own records and may in its discretion permit amendments to be made to such records. (*Clark* v. *Scovill*, 198 N. Y. 279, 286; *Bohlem* v. *M. E. R. Co.*, 121 id. 546, 551; *Barker* v. *Binninger*, 14 id. 270, 278; *Wirt* v. *Reid*, 138 App. Div. 760; *Matter of Wolton*, 125 Misc. 564.) If the fact is that in 1921 Thompson pleaded guilty to unlawful entry and by mistake the record was made to show that he had pleaded guilty to burglary in the third degree, it is unthinkable that the power is not vested in the court to correct the error. Some weight attaches to Thompson's claim in view of the fact that while the record discloses that he pleaded guilty in 1921 to burglary in the third degree, which is a felony, the sentence imposed upon him indicated a plea of guilty to a misdemeanor. While that fact is not conclusive since an error may have been made in the sentence imposed, it does lend weight to Thompson's claim. In his brief filed on this application the learned district attorney says: " I believe that if, as matter of fact, he did plead guilty to unlawful entry and if, as matter of fact, the record of a burglary third degree conviction is erroneous, he should have relief." That is a fair statement although the learned district attorney follows it with the assertion that such relief cannot be granted in the form of proceeding adopted by Thompson. The or'y other procedure suggested by the learned district attorney is by way of a commutation of sentence by the Governor. It must be that, in a proper case, the County Court can correct a mistake in its records. Whether it should do so under the circumstances in this case rests in the discretion of the County Court. The writ of prohibition is an appropriate remedy only when it appears that a court is about to act beyond the power of the court and in excess of its jurisdiction. (*People ex rel. Weeks* v. *Platt*, 173 App. Div. 451.) Having reached the conclusion that if the record is wrong it should be corrected, it must follow that the court in which the

532

record was made has the power to correct it, and that this application for a writ of prohibition should be denied. There is no statutory authority for the impaneling of a jury under the circumstances in this case. The petition to correct the record is merely a motion and while, if an issue of fact is presented upon a motion, evidence may be taken upon such issue of fact, it has never been the practice to impanel a jury to determine such issue of fact. The verdict of the jury, therefore, would be merely advisory, and the burden of deciding the motion must finally rest upon the County Court where it belongs. While no authority for it has been found, it may be that the court has inherent authority to impanel a jury for the trial of an issue of fact, whether in an action, in a proceeding or upon a motion. Since the verdict of the jury is not final but is advisory only, and since the motion must ultimately be decided by the County Court, the trial of the issue of fact by jury is not harmful to anybody. Motion for an order of prohibition denied, without costs.