Desmond, J.
The County Court allowed a demurrer to the first count of a 19-count indictment and the People appealed to the Appellate Division. That court denied a motion to dismiss the appeals, and reversed the order allowing the demurrer. Defendant appeals to this court by permission.
The general theory of the whole indictment is that defendant, a physician, cheated a “Blue Shield ” insurance corporation *399 out of $612 by collecting from the corporation on nine claims (each for less than $100) for rendering a certain kind of medical services (the same kind in every instance) to insured persons. The People charge that the claims as so rendered and paid contained false and fraudulent representations. These charges are expressed in the indictment in one count of first degree grand larceny, nine counts of petit larceny and nine counts of filing false insurance claims (Penal Law, § 1202). The first, or grand larceny, count included all nine transactions charging, apparently on a theory like that upheld in People v. Cox (286 JSL Y. 137), that the collection of all nine claims amounted to one taking by false pretenses. The other counts take up each claim separately and charge it just as a petit larceny, then as a false insurance claim. We are concerned here with the first count only since that count alone was held insufficient.
Two questions are presented by this appeal and each is of first impression in this court. First, we must decide whether there was a right of appeal from the County Court order allowing the demurrer as to the first count only. In effect, we answered that question affirmatively in People v. Mullens (298 N. Y. 606). Defendant says, correctly, that the only applicable statute is subdivision 1 of section 518 of the Code of Criminal Procedure which allows an appeal by the People ‘1 From a judgment for the defendant, on a demurrer to the indictment ”. That means, says defendant, a judgment sustaining a demurrer to the whole of an indictment. Until 1945 and because of a holding or dictum in People v. Rosenheimer (209 N. Y. 115), it was assumed at least in some courts (People ex rel. Weeks v. Platt, 173 App. Div. 451, 453; People v. Mulligan, 259 App. Div. 750) that section 323 of the Code of Criminal Procedure at the point where it permitted a defendant to “ demur to the indictment ” meant the whole indictment. In other words, before 1945 if one count of a multi-count indictment was good the entire indictment was good as against a demurrer.
In 1945 (L. 1945, ch. 629) section 323 of the Code of Criminal Procedure was amended to allow a defendant to demur “ to an indictment, or any count thereof ”. But the Legislature never changed subdivision 1 of section 518 {supra) which continues to authorize an appeal by the People “ From a judgment *400 for the defendant, on a demurrer to the indictment ”. Defendant argues, therefore, that while a demurrer to less than all counts is now available, nevertheless, since the Legislature did not add the words ‘1 or any count thereof ’ ’ to the appeal provision (§ 518, subd. 1, supra), the allowance of a demurrer to a single count or less than aE counts is not appealable. We do not agree. While the right to appeal in criminal cases is found only in statutes which must be strictly construed (People v. Zerillo, 200 N. Y. 443, 446; People v. Gersewitz, 294 N. Y. 163, 166,167), defendant’s construction is too strict. There is broad authorization in section 279 of the Code of Criminal Procedure for the joinder in one indictment of several counts, or consolidation of several indictments, where the acts or transactions are connected in certain ways. In the present case the charges could have been presented in 19 separate indictments and in that case the People could certainly have appealed from the aEowance of a demurrer to any one indictment. No good reason appears why, with the charges stated in separate counts rather than separate indictments, a dismissal of one count should not be appealable. The use of the word “ judgment ” rather than the word “ order ” in subdivision 1 of section 518 (supra) does not decide our question since the aEowance of a demurrer to even one count is a final disposition of that charge. Awkward indeed it would be if the dismissal of a single count could not be reviewed immediately but had to await an appeal from a judgment of conviction on other counts. We should not impute to the Legislature an intent to create such a situation.
Next is the question of whether the demurrer. should be aEowed—that is, the question of the sufficiency as a pleading of the first degree grand larceny count. That count accumulates aE nine of these aEeged incidents into one taking, in an effort to apply People v. Cox (286 N. Y. 137, 145, supra). The Cox holding was that “ the People may prosecute for a single crime a defendant who, pursuant to a single intent and one general fraudulent plan, steals in the aggregate as a felon and not as a petty thief.” The argument against applying the Cox rationale here is that, since these are aEeged to have been false pretense takings (see Penal Law, §§ 1290, 1290-a) with a separate pretense each time, there needs must have been in each instance a separate intent and a new enterprise. Of course, on *401 the trial that may turn out to have been the fact. But the indictment alleges that this was in effect one taking with a single intent, carried out in successive stages. Proof of all that could make out a jury question of whether this was grand larceny under the Cox rule (see People v. Daghita, 276 App. Div. 20, 22, affd. 301 N. Y. 223, 225).
The order appealed from should be affirmed.
Chief Judge Conway and Judges Dye, Fund, Froessel, Van Voorhis and Burke concur.
Order affirmed.