■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA BARRY, Appellant. [848 NYS2d 498]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered November 18, 2004. The judgment convicted defendant, upon a jury verdict, of grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting her after a jury trial of grand larceny in the third degree (Penal Law § 155.35) arising from her theft of prescription medication from the pharmacy where she was employed. The People presented evidence that defendant took the medication from the pharmacy over a period of 10 months for her personal use, to treat migraine headaches. We agree with defendant that Supreme Court erred in refusing to charge the jury that the People were required to prove that she had a single, ongoing intent to steal the medication in order to find her guilty of grand larceny in the third degree. Defendant is correct that, in order to find her guilty of separate acts of theft in a single count of grand larceny, the jury had to find that she had a "single intent, carried out in successive stages" (*People v Rossi*, 5 NY2d 396, 401 [1959]; *see People v Tighe*, 2 AD3d 1364, 1365 [2003], *lv denied* 2 NY3d 747 [2004]; *People v Fayette*, 239 AD2d 696, 697 [1997], *lv denied* 90 NY2d 904 [1997]). Without that single intent, however, defendant's acts constituted a series of petit or grand larcenies (*see Rossi*, 5 NY2d at 400-401; *People v Cox*, 286 NY 137, 142-143 [1941], *rearg denied* 286 NY 706 [1941]). The court's failure to instruct the jury with respect to that distinction prevented the jury from properly evaluating the evidence. We therefore reverse the judgment and grant a new trial. In view of our decision, it is not necessary to address defendant's remaining contentions. Present—Scudder, P.J., Martoche, Smith, Lunn and Pine, JJ.