■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARRIE FULMORE, Appellant. [881 NYS2d 765]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered May 24, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting her upon a jury verdict of murder in the second degree (Penal Law §§ 20.00, 125.25 [2]), defendant contends that Supreme Court erred in refusing to charge the jury that, in order to find her guilty of murder in the second degree, the jury was required to find that her state of mind was that of depraved indifference. We agree. As defendant correctly contends, she is "entitled to the application of current principles of substantive law upon [her] direct appeal from the judgment of conviction" (*People v Collins*, 45 AD3d 1472, 1473 [2007], *lv denied* 10 NY3d 861 [2008]; *see generally People v Vasquez*, 88 NY2d 561, 573 [1996]) and, during the pendency of this appeal, the Court of Appeals held that "depraved indifference to human life is a culpable mental state" (*People v Feingold*, 7 NY3d 288, 294 [2006]). Because the jury charge did not unambiguously state that depraved indifference was the culpable mental state for the crime with which defendant was charged, we cannot conclude "that the jury, hearing the whole charge, would gather from its language the correct rules which should be applied in arriving at [a] decision" (*People v Russell*, 266 NY 147, 153 [1934]; *see generally People v Ladd*, 89 NY2d 893, 895 [1996]). We therefore reverse the judgment and grant a new trial (*see generally People*

*v Barry*, 46 AD3d 1340 [2007]). Present—Smith, J.P., Centra, Peradotto, Green and Gorski, JJ.