[909 NYS2d 349]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v REBECCA M. NEWCOMBE, Defendant.

County Court, St. Lawrence County, October 25, 2010

### APPEARANCES OF COUNSEL

*Mary Rain, Public Defender (Stephen Button* of counsel), for defendant. *Nicole M. Duvé, District Attorney (Jonathan Becker* of counsel), for plaintiff.

### OPINION OF THE COURT

JEROME J. RICHARDS, J.

Pursuant to a written stipulation entered at a pretrial disclosure conference with defense counsel, the court has reviewed the grand jury minutes in order to resolve the issues raised. The court previously entered an order authorizing defense counsel, on consent of the district attorney, to examine but not to copy the grand jury minutes as part of the disclosure conference.

Defendant is charged with aggravated harassment in the first degree (count 1), criminal possession of a forged instrument in the second degree (counts 2-16), burglary in the second degree (count 17) and grand larceny in the fourth degree (count 18). Defense counsel argues that the evidence was not legally sufficient for any of the counts, and also argues that count 18 was duplicitous because it charges more than one crime within the same count.

Lastly, counsel argues that the grand jury proceeding itself was defective. During preliminary screening of the grand jurors to discover any potential bias on the part of jurors who had an opinion of a prospective witness which would undermine that juror's ability to be fair and impartial, 2 of the 17 jurors present that day were properly excused after they said that they could not be impartial. That left 15 grand jurors, but a quorum requires the attendance of 16.

Realizing that he no longer had the necessary quorum of 16 grand jurors, the prosecutor recalled one of the excused jurors, and indicated on the record that this person—previously excused for bias—was permitted to attend solely to make the necessary quorum, but that this person could not vote or participate in jury deliberations. After the presentation of evidence, 12 of the 15 jurors voted in favor of each charged count. The prosecutor included in the record a citation to *People v Collier* (72 NY2d 298 [1988]).

*Collier* does not save the prosecution's flawed presentment in this case. *Collier* held, simply, that the grand jury quorum requirement can be satisfied by jurors who have not heard all of the evidence as long as at least 12 grand jurors who *have* heard all of the evidence vote affirmatively either to indict or not to indict for each count. The problem here is that once a grand juror was excused, particularly for bias, that juror was "out of the case" for all purposes, and therefore could not properly function as a sort of quasi-juror for the purpose of completing the quorum. There is a distinct possibility that such a juror could intentionally or unintentionally give signals or reactions

or some form of input to the other grand jurors, either during the presentation of evidence or during deliberations, without that fact appearing in the record. The court cannot permit that possibility to taint the proceeding.

For that reason, the indictment must be dismissed, and the People are given leave to re-present the case to a different, properly constituted grand jury. In view of this result the court need not reach the other issues raised by the defense, other than to note—without deciding the question in this case—that if the People can show that a defendant stole a number of items as part of a common scheme or plan, they are permitted to aggregate the value of the stolen items for the purposes of the grand larceny statutes. (*See People v Cox*, 286 NY 137 [1941], *People v Rossi*, 5 NY2d 396 [1959], and *People v Barry*, 46 AD3d 1340 [4th Dept 2007], cited in Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 155.00, at 296-297.) In such a case the individual thefts, when committed under a single intent and one general fraudulent plan, would not be duplicitous when charged as a single larceny based on aggregated value of the stolen items.

The indictment is dismissed, with leave to re-present to a different grand jury. This order shall be deemed to be a securing order pursuant to Criminal Procedure Law § 210.45 (9). The previous securing order is continued.