Egan Jr., J.
On the evening of July 31, 2008, Demetrius Molina and defendant were at a nightclub known as Lando’s in the City of Corning, Steuben County, when an altercation occurred between defendant and a group of men from South Carolina — one of whom, it appears, was dating defendant’s sister. A few hours later, and as the men from South Carolina were gathered outside the front door of an apartment located at 352 Woodlawn Avenue in the City of Elmira, Chemung County, defendant and Molina, *844 together with certain of their friends, approached on foot. Shortly thereafter, multiple gunshots — emanating from Molina and defendant’s group — rang out. Although no one at that address was struck by the gunfire, two of the bullets traveled approximately 273 feet south of that location and penetrated the exterior wall of 347 Woodlawn Avenue. One of those bullets, in turn, struck and killed Maurice Davis, who was asleep in his second-floor master bedroom.
Defendant and Molina thereafter were indicted and charged with two counts of murder in the second degree, attempted murder in the second degree, two counts of criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree. Following separate jury trials, defendant and Molina each were convicted of manslaughter in the first degree (as a lesser included offense of intentional murder in the second degree), depraved indifference murder in the second degree and attempted murder in the second degree* and thereafter were sentenced to aggregate prison terms of l71/2 years to life followed by five years of postrelease supervision.
Upon Molina’s appeal, we reversed his convictions of manslaughter in the first degree and murder in the second degree under counts 1 and 2 of the underlying indictment, agreeing that County Court erred in charging intentional murder and depraved indifference murder in the conjunctive (People v Molina, 79 AD3d 1371, 1373-1374 [2010], lv denied 16 NY3d 861 [2011]). Defendant now appeals, urging that very ground as a basis for reversal here.
Although defendant admittedly took no exception to the jury charge as given by County Court or raised any objection to the accompanying verdict sheet, we nonetheless deem this to be an appropriate instance in which to exercise our interest of justice jurisdiction to take corrective action (see CPL 470.15 [6] [a]). Accordingly, for the reasons set forth in Molina, we reverse defendant’s convictions of manslaughter in the first degree and murder in the second degree under counts 1 and 2 of the indictment and remit this matter to County Court for further proceedings.
As for defendant’s challenge to the eavesdropping warrant, we are persuaded — based upon the sworn affidavits submitted— that the People established both probable cause for the warrant and that traditional investigatory measures either had been unsuccessfully attempted or were unlikely to succeed (see People v Rodriguez, 274 AD2d 826, 828 [2000], lv denied 95 NY2d 938 *845 [2000]; People v Brown, 233 AD2d 764, 765-766 [1996], lv denied 89 NY2d 1009 [1997]; People v Baker, 174 AD2d 815, 816-817 [1991], lv denied 78 NY2d 920 [1991]). Accordingly, County Court did not err in declining to suppress the evidence obtained as a result thereof. Defendant’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, PJ., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant’s convictions of manslaughter in the first degree and murder in the second degree under counts 1 and 2 of the indictment; matter remitted to the County Court of Chemung County (1) for a new trial on count 2, and (2) without prejudice to the People to re-present the charge of manslaughter in the first degree to a grand jury; and, as so modified, affirmed.

 Molina also was convicted of the various weapon offenses.