People v Weaver (2023 NY Slip Op 02352)

People v Weaver

2023 NY Slip Op 02352

Decided on May 4, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 4, 2023

108909B
[*1]The People of the State of New York, Respondent,
v
Jaushi'ir Weaver, Appellant.

Calendar Date:March 31, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Craig S. Leeds, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Albany County (Stephen W. Herrick, J.), rendered May 31, 2016, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the second degree.
Following a jury trial, defendant was convicted of murder in the second degree (depraved indifference murder) and criminal possession of a weapon in the second degree for his role as the shooter in a drive-by shooting that killed one person and wounded two others. County Court sentenced defendant to a prison term of 22 years to life for the murder conviction, and a concurrent prison term of 15 years to be followed by five years of postrelease supervision for the weapon conviction. Defendant appealed and this Court affirmed the judgment of conviction (167 AD3d 1238 [3d Dept 2018], lv denied 33 NY3d 955 [2019]). Subsequently, defendant made a motion to this Court for a writ of error coram nobis alleging that County Court's jury instruction on the depraved indifference murder charge was erroneous and that appellate counsel was ineffective for failing to raise this issue on appeal. This Court granted the motion and reinstated the appeal for the purpose of addressing this limited issue (2020 NY Slip Op 66089[U] [3d Dept 2020]).
Defendant asserts that County Court's instructions to the jury regarding depraved indifference murder were consistent with the overruled objective standard set forth in People v Register (60 NY2d 270 [1983], cert denied 466 US 953 [1984]), and therefore the court's instructions failed to explain the requisite culpable mental state as required by People v Feingold (7 NY3d 288 [2006]). We agree. In discharging its duty to deliver a charge to the jury, "[a] court must instruct the jury regarding both the 'fundamental legal principles applicable to criminal cases in general' and those 'material legal principles applicable to the particular case' " (People v Williams, 36 NY3d 156, 160 [2020], quoting CPL 300.10 [1], [2]). At the time of defendant's trial, the Court of Appeals had already held that "depraved indifference to human life is a culpable mental state" (People v Feingold, 7 NY3d at 294). As a result, "under Feingold, it is not the circumstances under which the homicide occurred that determines whether [a] defendant is guilty of depraved indifference murder, but rather [the] defendant's mental state at the time the crime occurred" (People v Jean-Baptiste, 11 NY3d 539, 542 [2008]).
Upon our review of the record, which reflects that County Court had twice instructed the jury with the overruled objective standard, "the jury charge did not unambiguously state that depraved indifference was the culpable mental state for the crime with which defendant was charged, [and therefore] we cannot conclude that the jury, hearing the whole charge, would gather from its language the correct rules which should be applied in arriving at a decision" (People v Fulmore, 64 AD3d 1146, 1146 [4th Dept [*2]2009] [internal quotation marks, brackets, and citation omitted]; see People v Munck, 92 AD3d 63, 69 [3d Dept 2011]). Although the People are correct that this contention is unpreserved because defendant failed to raise an appropriate objection (see People v Barzee, 190 AD3d 1016, 1020 [3d Dept 2021], lv denied 36 NY3d 1094 [2021]), given the nature of the challenged instruction, we exercise our interest of justice jurisdiction to take corrective action and grant a new trial on that count only (see CPL 470.15 [6] [a]; People v Fulmore, 64 AD3d at 1147; see also People v Daniels, 174 AD3d 955, 957 [3d Dept 2019], lv dismissed 34 NY3d 950 [2019]; People v Facey, 127 AD3d 1256, 1257 [3d Dept 2015]; People v Ross, 97 AD3d 843, 844 [3d Dept 2012], lv denied 20 NY3d 935 [2012]).
Egan Jr., J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant's conviction of murder in the second degree under count 2 of the indictment; matter remitted to the County Court of Albany County for a new trial on count 2; and, as so modified, affirmed.