Judge Napton
delivered the opinion of the court.
The principal question presented by the instruction in this case, involves the power of the legislature to enact the third section of the 9th art. of the act concerning crimes and punishments. That section *455 provides iC that every person who shall steal, or obtain by robbery, the property of another, in any other State or country, and shall bring the same into this State, may be convicted and punished for larceny in the same manner as if such property had been felonously stolen or taken within this State, and in any such cases, the larceny may be charged to have been committed, and may be indicted and punished, in any county into or through which such stolen property may have been brought. ” The argument which denies to the legislature the power to pass such a law seems to be based upon the assumption that it is designed to execute the criminal laws of another State or country. The cases to which we have been referred arose in States, where no such legislative enactment as the above was in force. In Tennessee, in North Carolina and in New York, previous to the revision of 1830, the Courts held, that by the common law and in the absence of any statutory enactment, offences of this character committed in another State or foreign country were not cognizable in their respective courts. These opinions are based upon the doctrine in Butler’s case (3 Co. Inst. 113) and upon the additional fact that the states of this union do not occupy the same relation to each other which the counties of England did. In Massachusetts a contrary decision was made in the case of the Commonwealth vs. Anderson (2 Mass. Rep. 14.) We are not under the necessity of deciding the question which these cases present. Our statute was obviously intended to punish offences committed against our criminal laws, and not those which were committed without the jurisdiction of the State. If the legislature think it expedient to declare that a person who is guilty of grand larceny in another State or country and brings within our jurisdiction the stolen goods, shall be considered as guilty of grand larceny here, it is clearly within their constitutional power to make such enactment. In the determination of the character of the offence there is no necessity for enquiring what may be larceny under the laws of the country where the offence was committed. The legislature punish the offence committed in this State by bringing the stolen property into it, and in doing so, they merely codify a settled principle of the common law applicable to different counties, and extend it here to neighboring states and foreign countries. The case of the people vs. Bush (11 Wend. 129) is an authority in point upon a statute exactly like our own.
Judgment affirmed.