### PEOPLE v. ARNSTEIN.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. INDICTMENT AND INFORMATION (§ 125*)—SUFFICIENCY—DUPLICITY.
  Where an indictment only charged grand larceny, it cannot be *held* bad for duplicity because the facts recited also showed a conspiracy.
  [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. § 125.*]

2. INDICTMENT AND INFORMATION (§ 73*).
  Where an indictment for grand larceny by trick averred in one place that accused entered into a plot to defraud the prosecuting witness before any of the misrepresentations were made, the fact that it in another place contained allegations tending to show that accused did not enter the plot until after misrepresentations were begun is not a fatal error, but may be corrected by amendment, for it is manifest that accused could not be misled.
  [Ed. Note.—For other cases, see Indictment and Information, Cent.' Dig. §§ 200, 201; Dec. Dig. § 73.*]

3. CRIMINAL LAW (§ 13*)—OFFENSES—STATUTE.
  Penal Law (Consol. Laws 1909, c. 40) § 1930, providing that a person who commits within the state any crime in whole or in part, or who commits without the state any offense which if committed therein would be larceny, and is afterwards found within the state with the stolen property, or who, being without the state, aids another to commit a crime within it, etc., shall be punished, is substantive in its nature and declares new offenses.
  [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 13, 14; Dec. Dig. § 13.*]

4. LARCENY (§ 14*)—"LARCENY" BY TRICK—WHAT CONSTITUTES.
  The gist of the offense denounced by Penal Law (Consol. Laws 1909, c. 40) § 1290, providing that any person who, with intent to defraud the true owner, acquires possession by fraud or misrepresentations of any property, shall be guilty of larceny, is the making of false representations to induce the owner to part with his property; consequently, one

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

who assisted in a plot to acquire money from the prosecuting witness by means of misrepresentations is guilty of larceny.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 34–38; Dec. Dig. § 14.*

For other definitions, see Words and Phrases, vol. 5, pp. 3991–4003.]

5. CRIMINAL LAW (§ 97*)—JURISDICTION—LARCENY BY TRICK—COMMISSION WITHIN STATE.

Where accused and others obtained money from the prosecuting witness by means of misrepresentations contained in letters and telegrams sent from the state, the false representations contained therein are deemed to have been made in the state.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 177–189, 191; Dec. Dig. § 97.*]

6. CRIMINAL LAW (§ 83*)—CRIMES—POWER OF LEGISLATURE TO PUNISH.

The Legislature of one state cannot constitutionally punish a violation of the statutory law of a foreign state.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 112–114; Dec. Dig. § 83.*]

7. CRIMINAL LAW (§ 97*)—JURISDICTION—OFFENSES—STATUTE.

Where accused and others, by false representations contained in letters sent to one in a foreign jurisdiction, obtained money, accused may be punished under Penal Law (Consol. Laws 1909, c. 40) § 1930, declaring that any person who commits within the state any crime in whole or in part, or who commits without the state any offense which, if committed therein, would be larceny, and is afterwards found within the state with any of the property, shall be liable to punishment; section 1290 making the procuring of money by false misrepresentations larceny.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 177–189, 191; Dec. Dig. § 97.*]

Appeal from Court of General Sessions, New York County.

Nicholas Arnstein, alias, etc., was indicted for grand larceny, and from a judgment and order allowing demurrers to the indictments (78 Misc. Rep. 18, 138 N. Y. Supp. 806) the People appeal. Reversed, and demurrers disallowed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Robert S. Johnstone, of New York City, for the People.

George Gordon Battle, of New York City (Raymond H. Sarfaty and Isaac H. Levy, both of New York City, on the brief), for respondent.

LAUGHLIN, J.   One of the indictments is for obtaining $25,000 from one Fairchild, and the other is for obtaining $15,000 from one Shinks. Each indictment contains two counts, one charging larceny by false pretenses, and the other as at common law. The theory upon which the demurrers were interposed is that the crime charged was not committed within the state of New York, and the demurrer to the Shinks indictment is upon the further ground that the first count of that indictment purports to charge two crimes, viz., grand larceny in violation of section 1290 of the Penal Law, and conspiracy in violation of section 580, subd. 4, of the Penal Law.

[1] The demurrer to the Shinks indictment cannot be sustained on

the theory that two crimes are charged. The charging clause of the first count of that indictment charges the defendants with the crime of grand larceny in the first degree only. In describing the manner in which the crime was committed it is recited in that count that the defendants feloniously conspired for the purpose of cheating and defrauding Shinks, and it specified the acts which might, were it not for the fact that only grand larceny in the first degree was charged, be deemed to set forth the crime of conspiracy; but that did not render the indictment bad for duplicity. People v. Klipfel, 160 N. Y. 371, 54 N. E. 788.

[2] The money was actually obtained from Fairchild in the city of Philadelphia, Pa., and from Shinks in the city of Bridgeport, Conn. It is unnecessary to set forth separately the facts charged in each indictment, for the point of law presented by each is the same. It is whether where the false pretenses are made within the state of New York, but the money or property is obtained thereby without the state, an indictment for larceny will lie here by virtue of the provisions of section 1930, subd. 1, of the Penal Law, on the theory that part of the crime was committed within this state. The learned counsel for the respondent contends that the allegations contained in the first count of the Shinks indictment are not sufficient to charge his client with the false representations. His argument on this point is based upon the fact that the indictment charges that the conspiracy was entered into by all of the defendants on the 19th day of August, 1911, and that pursuant thereto they committed an overt act in the county of New York by deliberating and planning the commission of the fraud in furtherance of the conspiracy, and then charges certain of the defendants, not including the respondent, with having caused telegrams and letters containing false representations to be transmitted from the county of New York to Shinks at Springfield, Mass., on the 15th and 19th days of August, 1911, and he contends that, inasmuch as one of those dates was prior to the time the conspiracy was formed, the respondent is not liable for the acts of the other defendants committed before he became a conspirator. If this were the true construction of the indictment it is not entirely clear that it would avail the respondent, for there is respectable authority to the effect that one who becomes a party to a conspiracy is responsible for what has been done before, as well as what is done thereafter, on the theory that by joining the conspiracy in its design and purpose he adopts all acts which have been, or thereafter are, done in pursuance thereof (8 Cyc. p. 642; People v. Mather, 4 Wend. 230, at pages 261, 262, 21 Am. Dec. 122; Commonwealth v. Rogers, 181 Mass. 184, 63 N. E. 421); but this is not the true construction of the indictment, for, after first charging the conspiracy, it is alleged that "afterwards, to wit, between the fifteenth day of August, in the year aforesaid, and the nineteenth day of August, in the year aforesaid," the letters and telegrams were sent. Thus the indictment shows on its face that there is a mistake with respect to one or the other of the dates, but, if necessary, that error may be corrected by an amendment on the trial, as it is manifest that the respondent could not be misled thereby. People v. Willis, 34

App. Div. 203, 54 N. Y. Supp. 642, affirmed, 158 N. Y. 392, 53 N. E. 29; People ex rel. Meeker v. Baker, 142 App. Div. 598, 127 N. Y. Supp. 382; People v. Formosa, 131 N. Y. 478, 30 N. E. 492, 27 Am. St. Rep. 612.

[3] We come now to the real question presented by the appeal. It is not contended that it was not competent for the Legislature to declare it to be larceny to make false representations here, by which money is obtained without the state, and the validity of section 1930 of the Penal Law is not challenged. Since, therefore, the case depends upon the construction of that section, all of its provisions should be considered. It is as follows:

"The following persons are liable to punishment within the state:

"1. A person who commits within the state any crime, in whole or in part;

"2. A person who commits without the state any offense which, if committed within the state, would be larceny under the laws of the state, and is afterwards found, with any of the property stolen or feloniously appropriated within this state;

"3. A person who, being without the state, causes, procures, aids, or abets another to commit a crime within the state;

"4. A person who, being out of this state, abducts or kidnaps by force or fraud, any person contrary to the laws of the place where such act is committed, and brings, sends or conveys such person within the limits of this state, and is afterwards found therein;

"5. A person who, being out of the state and with intent to cause within it a result contrary to the laws of the state does an act which in its natural and usual course results in an act or effect contrary to its laws."

It is contended by the learned counsel for the respondent that this section is not substantive law, and does not declare any crime, but is declaratory merely of a common-law principle of local jurisdiction, with respect to crimes prescribed by the other provisions of the Penal Law, or other statutory enactments; and with respect to subdivision 1 of the section he contends, on the history of the statutory provisions embraced therein, that, in accordance with the common law, as declared in the case of People v. Adams, 3 Denio, 190, 45 Am. Dec. 468, s. c., Adams v. People, 1 N. Y. 173, it was intended to apply only to crimes committed in this state by an innocent agent instigated from without the state.

The learned assistant district attorney takes the opposite view, and contends that this provision was designed to apply to the commission within the jurisdiction of this state of any essential part of a crime, as defined by the laws of this state, even though other parts of the crime were committed elsewhere, and it was consummated without the state. We have considered the history of the statute and examined the authorities cited in support of the respective contentions, and are of opinion that this is substantive law, and was intended to be declaratory of crime. The phraseology of the provision so plainly indicates this that we do not deem it necessary to dwell on the origin and history of the statute, for, as the Court of Appeals wrote in People v. Sherman, 133 N. Y. 349, at page 355, 31 N. E. 107, at page 108:

"It is of little utility to carry our inquiry back of the terms of the Penal Code when the offense charged and proved is clearly within it."

[4] It is perfectly plain that if all the acts alleged to have been committed by the defendants in procuring the money had been committed within this state, and the money had been received here, the crime of grand larceny under section 1290 of the Penal Law would be complete. One of the principal elements of that crime is the making of false representations to induce the owner to part with his property. People v. Peckens, 153 N. Y. 576, 47 N. E. 883; People v. Dimick, 107 N. Y. 13, 14 N. E. 178; People v. Wicks, 11 App. Div. 539, 42 N. Y. Supp. 630; affirmed, 154 N. Y. 766, 49 N. E. 1102.

[5] The letters having been mailed in New York, and the telegrams having been sent from New York, the false representations therein contained are deemed to have been made here. 12 Am. & Eng. Encyc. of Law (2d Ed.) p. 848; People v. Bihler, 154 App. Div. 618, 139 N. Y. Supp. 819; Reg. v. Holmes, 12 Q. B. D. 23; Rex v. Perkins, 2 Lewin C. C. 150; People v. Summerfield, 48 Misc. Rep. 242, 96 N. Y. Supp. 502.

[6, 7] It is immaterial whether the consummation of the plan and conspiracy to defraud without the state constituted the crime of grand larceny in the foreign jurisdiction, for to hold that to be the test would be to impute to the Legislature an attempt to punish a violation of the statutory law of the foreign jurisdiction, which it could not constitutionally do. State v. Hall, 114 N. C. 909, 19 S. E. 602, 28 L. R. A. 59, 41 Am. St. Rep. 822; Huntington v. Attrill, 145 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123; The Antelope, 10 Wheat. 66 at page 123, 6 L. Ed. 268. It was unquestionably competent for the Legislature to declare such acts as those alleged to have been committed by the respondent and the other defendants within this state to be a crime, even though the conspiracy to obtain the money by fraudulent representations was consummated elsewhere; and the reasonable inference is that the Legislature intended to punish as a crime committed here the acts performed within the sovereignty of this state, as if all the steps resulting in the consummation of the plan and conspiracy in furtherance of which they were done had been taken here (See People v. Sturdevant, 23 Wend. 418; People v. Noelke et al., 94 N. Y. 137, 46 Am. Rep. 128; State v. White, 76 Kan. 654, 92 Pac. 829, 14 L. R. A. [N. S.] 556; Worthington v. State, 58 Md. 403, 42 Am. Rep. 338; State v. Underwood, 49 Me. 181, 77 Am. Dec. 254; People v. Staples, 91 Cal. 23, 27 Pac. 523; Hemmaker v. State, 12 Mo. 453, 51 Am. Dec. 172; Barclay v. United States, 11 Okl. 503, 69 Pac. 798; Green v. State, 66 Ala. 40, 41 Am. Rep. 744; Commonwealth v. Macloon, 101 Mass. 1, 100 Am. Dec. 89; 7 Bishop, New Criminal Law, §§ 112, 136, 140; Wharton on Conflict of Laws, §§ 825a, 826); and on that theory the Legislature evidently intended to declare such acts to be a crime, and to be punished as grand larceny. This is the construction placed upon that section by this court in People v. Bihler, supra, and it is the construction placed upon a like provision of the Penal Code of the state of California by the Supreme Court of that state. People v. Botkin, 132 Cal. 231, 64 Pac. 286, 84 Am. St. Rep. 39.

We are of opinion, therefore, that the indictments are sufficient, and that the court erred in allowing the demurrers. It follows that the judgment and order should be reversed, and the demurrers disallowed. All concur.

