In the Matter of the Application of CLYDE H. DEWITT, Petitioner, for a Prohibition Order against DANIEL V. McNAMEE, a Justice of the Supreme Court of the State of New York, Respondent, in Certain Criminal Actions Entitled: THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLYDE H. DEWITT, Defendant.

Third Department, March 27, 1931.

*Herzberg & Garrison,* for the petitioner.

*John J. Bennett, Jr., Attorney-General,* and *Thomas A. Cookingham, District Attorney,* for the respondent People.

*Samuel B. Coffin,* for the respondent McNamee.

PER CURIAM. In denying the alternative order of prohibition we find no occasion to comment. (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383.)

On Saturday afternoon, February 28, 1931, fifty-nine indictments were presented against the defendant and, having been arraigned thereon, he entered a plea of not guilty as to each. His counsel then asked that further proceedings be had before another justice because defendant felt that the justice presiding was prejudiced against him. This being denied, he asked for at least ten days within which to examine the indictments and prepare for demurrers or motions or both, as he might conclude the interests of defendant required. The cases were retained in the Supreme Court and the justice presiding fixed the following Thursday to hear demurrers or motions. On that day defendant appeared and stated to the court that he had not been able within the limited time to prepare either for demurrer or motion. The court said: " Then you have nothing to offer the court now? " The attorney replied, " No, your Honor." The court then stated: " Then the plea of not guilty will stand. The time for withdrawing the plea and interposing a demurrer has passed." This statement or direction was entered in the court minutes but no other or formal order was made. In our view this statement was arbitrary and may be prejudicial to the rights of defendant if left without comment.

If later application be made to the Supreme Court on behalf of this defendant for leave to withdraw his plea and demur to these indictments or any of them, the aforesaid statement or direction would not so bind the justice then presiding that he must deny the application. The Code of Criminal Procedure, section 322, provides: " Both the demurrer and the plea must be put in, either at the time of the arraignment, or at such other time as may be allowed to the defendant for that purpose." The allowance is to be made by the court. We think one justice may not substitute his judgment for that of any other justice to whom,

at a later day on perhaps changed facts, an application for leave to withdraw defendant's plea and demur is made. A justice of the court has not jurisdiction to place a limitation on the right to apply for leave to demur which is not placed by the statute and which may embarrass another justice when called upon to act.

All concur.

Application for prohibition order denied as a matter of law and not in the exercise of discretion.