THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SAMUEL KUPFERMAN, Defendant.

Court of General Sessions of County o' New York, January 6, 1941.

*Thomas E. Dewey, District Attorney* [*Thomas Moore* of counsel], for the plaintiff.

*Henry K. Chapman,* for the defendant.

FRESCHI, J.   This is an application before trial by the defendant to strike out and dismiss the fifth and sixth counts of the indictment on the ground that the allegations therein do not state sufficient facts to constitute a crime.   In effect, this is another way of raising the same issues of law which would be presented if a demurrer had been filed at the time of the arraignment for pleading of the defendant.

The indictment charges a violation of subdivision 12 of section 751 and section 764 of the Penal Law, which are misdemeanors. Specifically, these charges arise allegedly out of crimes of misdemeanors at, or in connection with, the primary election held September 19, 1939, in the city and county of New York.   The fifth count states in substance that the defendant was an inspector of elections in the thirty-seventh election district of the first Assembly district,

and at that time and place violated a provision of the Election Law (§ 40, subd. 3), in that without being qualified to accept an appointment as inspector of election by reason of his holding the public office of assistant deputy sheriff of the county of New York, he did accept such office.

The sixth count is very similar in form and substance as that of the fifth count, and sets forth, based upon the same allegations, namely, that while he was holding the public office of assistant deputy sheriff of the county of New York, he acted as inspector of elections at the aforesaid time and place.

This prosecution was originally commenced in the Court of Special Sessions of the City of New York, New York County, by the filing of an information charging the above-mentioned offenses. The case came to this court upon the making and entry of an order by my colleague, Judge DONNELLAN, who certified that it was deemed reasonable that such charges should be prosecuted by indictment. (Inferior Crim. Cts. Act, § 31, subd. 1, cl. c.)

After the finding and filing of an indictment by the grand jury herein, the defendant was arraigned before this court and he joined issue by his plea of not guilty and was allowed ten days within which to make any motion that he might be advised with respect to the plea.

For the purposes of this motion, the facts appearing in the allegations of these counts of the indictment are not disputed; and he states in his brief that on September 19, 1939, the defendant, at the request of one George Fanelli, a Republican district leader of the first Assembly district, New York county, presented himself at the polling place of the thirty-seventh election district of said Assembly district as a watcher, and because of the absence of a Republican inspector, the defendant was " sworn in " as such inspector in place and stead of the absentee; that he accepted the appointment, signed the oath as inspector of election, and proceeded to act as such.

" After the close of the Primary Election on September 19, 1939, the defendant returned to his position as Assistant Deputy Sheriff and worked as such up to December 31, 1939, at which time the charges herein were filed and he was placed under suspension by the Sheriff of New York County. He was paid by the Comptroller of the City of New York for such services on or about October 1, 15th, November 1st, and November 15th, the Comptroller refused to certify his name as entitled to pay upon advice of the Law Department of the City of New York, that defendant was not entitled to be paid for his services as Assistant Deputy

Sheriff, he having vacated this position when he accepted the office of inspector of election and signed the oath as such. It may thus be that defendant is indebted to the City of New York for any pay received by him as Assistant Deputy Sheriff after September 19, 1939."

Now the claim is made " that pursuant to the provisions of Section 895 of the New City Charter, the defendant on accepting the position of inspector of election and signing the oath as such, vacated his office as Assistant Deputy Sheriff;" and that " he was qualified to accept and hold the office of inspector of election, and *a fortiori*, did not violate the law as alleged in the fifth and sixth counts of the indictment."

This section of the charter went into effect on January 1, 1938, and its predecessor section under the old charter was section 1549, which has been construed in *Matter of Hulbert v. Craig* (124 Misc. 273; affd., 213 App. Div. 865; affd., 241 N. Y 525) and *Metzger v. Swift* (231 App. Div. 598; 233 id. 827; revd., 258 N Y. 440).

The district attorney contends that the defendant, an assistant deputy sheriff of the county of New York, by accepting this appointment violated subdivision 3 of section 40 of the Election Law, which prohibits the appointment to the position of inspector of election of any person holding public office; and that the gravamen of the charges in the sixth count is the defendant's serving as inspector of election when he was ineligible for this position by virtue of said provisions of the Election Law.

As to this motion, the district attorney states in opposition that the proper remedy for attaining the relief sought prior to trial is by demurrer and not by motion, and that the allegations are sufficient to make out a crime under each count. (He cites *People v. Kahn*, 155 App. Div. 821; Code Crim. Proc. § 321.) The district attorney urges, furthermore, that even if this motion were to be treated and regarded as a demurrer the application should be denied if one or more of the counts of the indictment is good and can be sustained. Thus the courts of this State have held. (See *People v. Rosenheimer*, 209 N. Y. 115, 118; *People v. Rice*, 35 N. Y. St. Repr. 185; *People ex rel. Weeks v. Platt*, 173 App. Div. 451, 453; *People v. Arnstein*, 78 Misc. 18, 19; revd., 157 App. Div. 766; revd., 211 N. Y. 585; *People v. Hines*, 168 Misc. 453. See, also, *People v. Menken*, 36 Hun, 90, 97.) To quote the district attorney: " It makes no difference whether a multiple count indictment charges one crime described differently in each count or whether it charges several distinct crimes in separate counts. A demurrer cannot be sustained unless the whole indictment is defective. If any part of it is sufficient to charge a crime, the demurrer must be overruled.

" Under section 279 (as amended in 1936) of the Code of Criminal Procedure where there are several charges for the same act or transaction constituting different crimes or for two or more acts or transactions constituting crimes of the same or a similar character, instead of having several indictments, the whole may be joined in one indictment under separate counts.

" Section 323 of the Code of Criminal Procedure which lays down the grounds of demurrer has not been amended by the Legislature to allow a demurrer to less than the whole indictment."

How far the court can go under the circumstances appearing on this motion is one of the important questions presented. Power, outside of that which is inherent, should not be asserted or exercised without clear statutory provisions and equally clear implications supporting it.

The foundation of jurisdiction must be that which is inherent or statutory, not a creature of speculation, convenience or expediency. Substantial rights stand on firmer ground. They must come within the law as it is written and interpreted, or not stand at all.

One ought never use a freedom to read into its uncertain or doubtful phraseology something that is not there. Experience shows the danger of exercising that sort of freedom and using power which does not exist. Logic cannot justify illegal acts and courts should never exercise or claim jurisdiction because in their own judgment they think they ought to have it for the good they think it can do. " Good ends never justify wrong means."

Until the Legislature amends sections 321 and 323 of the Code of Criminal Procedure so as to provide for a demurrer to a part of an indictment, or to permit a motion for the dismissal of a single count of a multiple indictment under section 671 of the Code at a time other than at the trial of a case, and establish beyond doubt the practice and procedure permitting a defendant to do so, I am obliged to hold that there is no authority, such as defendant would have me exercise, to allow an attack upon a part of this indictment. There is also a serious doubt in my mind about the right of the People to appeal and secure a review of any order sustaining a demurrer to any part of an indictment. This alone would be ample reason for a ruling against the defendant on this point. The right to appeal is statutory, and under section 518 of the Code an appeal can only be taken by the People when it is from the judgment for the defendant on a demurrer to the indictment. This latter section is one of those that ought to be amended along the lines of the prevailing practice in the Federal courts (U. S. Code, tit. 18, § 682) which permits a writ of error by and on behalf of the United States in all criminal cases " from a decision or judgment quashing,

setting aside, or sustaining a demurrer to, any indictment, *or any count thereof*, where such decision or judgment is based upon the invalidity, or construction of the statute upon which the indictment is founded." (Italics supplied.)

There would be, it seems to me, no difficulty whatsoever, in dealing with the objection urged by the district attorney in a proper case, but with which I must agree that under the circumstances here, so long as a plea of not guilty stands, a demurrer cannot be entertained. This, though, could be easily eliminated by permission to withdraw it and by entering a substituted plea. As is commonly done in many cases of pleading in this court, time is allowed by the court, as was done in this instance, within which to withdraw the plea for all purposes, and substituting a demurrer within the time fixed. (*Matter of DeWitt* v. *McNamee*, 232 App. Div. 88; *People* v. *Dilliard*, 163 Misc. 146; affd., 252 App. Div. 125; *People* v. *Fuller*, 156 Misc. 404.)

A dismissal of a part of an indictment in the discretion of the court on its own motion and in furtherance of justice is not provided for or contemplated by section 671 of the Code. In any event, such authority ought never to be exercised unless in a clear case of statutory construction the power can be discerned, and then only with extreme caution.

Fairness and sound judgment and, indeed, common sense suggest and, in fact, make it imperative where such doubts exist as to the law and its meaning in courts of first instance that the rulings should be in favor of the People until corrected by appellate court decision or legislative enactment.

The defendant argues for the existence of an implied power herein of the court under the statute, even though the language does not openly, or expressly, clearly give it. I am not aware of any decision that supports this contention, concerning this implied power. That basis is not my conception of the principles of justice as they have been enunciated in such cases; but, rather, I prefer to be bound by the clear limitations of the words themselves as they have been construed by the cases cited and we must follow them. The Code enumerates restrictive laws. We must not read into them power not there. The judicial process is not predicated on guess work or wishful thinking — a most dangerous factor in the law. Instead, it must go on in the light of the facts and the law with regard to the rights of both parties.

This entire matter should be relegated to the time of the trial when either the objection to the sufficiency of the allegations of fact in these counts, or that both or either of them fail to state a crime may be raised and decided. A demurrer is not the exclusive

manner of raising the point urged here; it may be the subject of a motion at any stage of the trial or by a motion in arrest of judgment. (*People* v. *Winner*, 80 Hun, 130, 134; *People* v *Williams*, 92 id. 354; affd., 149 N. Y. 1. See, also, *People* v. *Davis*, 56 id. 95, 100; *People* v. *Judson*, 11 Daly, 1; Abbott's Criminal Trial Practice [4th ed.], § 51; Code Crim. Proc. § 331.),

This motion is denied with leave to present it *de novo* to the trial court before which justice can be done at the trial.