J. Irwih Shapiro, J.
The defendant demurs to the indictment on the ground that the Grand Jury has joined count four (carrying and possessing a dangerous weapon on July 5, 1961) *537 with allegedly wholly unrelated crimes as set forth in counts one, two and three of the indictment which charge robbery in the first degree, grand larceny in the second degree, and assault in the second degree, respectively, all alleged to have been committed on May 16, 1961.
Section 278 of the Code of Criminal Procedure provides: ‘ ‘ Indictment must charge but one crime and in one form, except where it may be committed by different means. The indictment must charge but one crime and in one form except as in the next section provided ’
Section 279 of the Code of Criminal Procedure in its entirety reads as follows: 1 ‘ Charging crime in separate counts and consolidating indictments and informations. When there are several charges for the same act or transaction, constituting different crimes or the same crime alleged to have been committed in a different manner or by different means, or for two or more acts or transactions connected together or constituting parts of a common scheme or plan, or for two or more acts or transactions constituting crimes of the same or a similar character, instead of having several indictments or informations, the whole may be joined in one indictment or information in separate counts, and if two or more indictments or informations are found in such cases, the court may order them to be consolidated; provided, however, that where the charges involve two or more acts or transactions constituting crimes of the same or a similar character which are neither connected together nor parts of a common scheme or plan, the court, in the interest of justice and for good cause shown, may, in its discretion, order that the different charges set forth in the indictment or information or indictments or informations, be tried separately. The joinder or consolidation of indictments or informations shall not be prevented by the fact that different penalties may be imposed for conviction upon the several crimes charged.”
There is no allegation in the instant indictment that the carrying and possession of the ‘1 dangerous weapon” as a misdemeanor on or about July 5, 1961 (fourth count), is in any way connected with, or part of a common scheme or plan to commit, the crimes of robbery, grand larceny and assault set forth in the first, second and third counts of the indictment, allegedly committed on May 16,1961. Nor does it appear from the face of the indictment that the fourth count of carrying and possessing a dangerous weapon as a misdemeanor is of the same or of a similar character as the crimes set forth in the other three counts.
Under the circumstances the court is of the opinion that the joinder of the fourth count with the other three counts is not *538 authorized by the provisions of section 279 of the Code of Criminal Procedure.
Where separate crimes fall within the purview of that section and are, therefore, joined together in one indictment they may, as the section itself provides, in the discretion of the court “ be tried separately ”. Where, however, as here, the joinder of separate counts in the indictment is basically improper and not within the sanction of the section, the indictment violates section 278 of the code which inhibits the inclusion of more than one crime in the indictment. Consequently there is no latitude for an exercise of discretionary power to direct that the crimes charged ‘ ‘ be tried separately ’ ’.
The question therefore arises whether the joinder by the Grand Jury in one indictment of separate and dissimilar crimes, not committed pursuant to a common scheme or plan, necessitates the allowance of the demurrer in its entirety with a consequent dismissal of the indictment. Prior to September 1, 1945, section 323 of the Code of Criminal Procedure provided that: “ The defendant may demur to the indictment when it appears on the face thereof, * * * 3. That more than one crime is charged in the indictment within the meaning of sections two hundred seventy-eight or two hundred seventy-nine ”.
Under that section, as then in force, it was held that 1‘ A demurrer must lie, if at all, to the whole of an indictment.” (People v. Rosenheimer, 209 N. Y. 115, 118-119; People v. Kupferman, 175 Misc. 650; but see, also, People v. Arnstein, 78 Misc. 18, 19-20, revd. 157 App. Div. 766, revd. 211 N. Y. 585.)
If that were still the law, the demurrer in this case would of necessity have to be sustained as to the whole indictment. However, in 1945 (L. 1945, ch. 629), the opening paragraph of section 323 of the Code of Criminal Procedure was amended to permit a demurrer not only “ to the indictment ” but also to “ any count thereof ”.
Thus, the efficacy of a demurrer is no longer limited, as it once was, to the whole of an indictment. Under the modern practice, the prosecution’s greater freedom in the joinder of criminal causes (Code Crim. Pro., § 279, supra) is balanced by the defendant’s right to demur to “ any count ” of the indictment. (Code Crim. Pro., § 323.)
Where, as in this case, the demurrer is based upon a misjoinder of different and unrelated crimes, it should be sustained only to the extent necessary to protect the defendant in the assertion of his rights. That can be done by limiting the necessary corrective measure to the specific fault in the indictment. Such a result can be achieved in this case by sustaining the demurrer *539 solely as to the count which causes the indictment to violate the strictures of section 278 of the code.
The presence of such jurisdictional power in the court is implicit in the provisions of the amendment to section 323 of the code which now permits a demurrer either to the indictment as a whole, ‘1 234or any count thereof ’ ’. The fact that the defendant has demurred to the entire indictment does not limit the court to either allowing or disallowing the demurrer in its entirety, hut it may be allowed to the extent necessary to obviate the harm to a defendant intended to be prevented by section 278 of the code when it prohibited charging more than one crime in an indictment.
Accordingly, the demurrer is allowed solely to the extent of dismissing the fourth count of the indictment for having been joined therein in violation of the provisions of section 278 of the Code of Criminal Procedure and the District Attorney is directed, pursuant to the provisions of section 327 of the Code of Criminal Procedure, to resubmit the subject matter of the fourth count of the indictment to the same or another Grand Jury, if in his opinion it is in the interests of justice so to do. (Code Crim. Pro., § 327.)