■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE FREEMAN, Appellant.— Judgment of conviction, Supreme Court, New York County, rendered March 20, 1972, unanimously modified, on the law, to reduce the crime of which convicted to the class A misdemeanor of possession of a dangerous drug, sixth degree, and to reduce the sentence upon that conviction to imprisonment for one year, and otherwise affirmed. Defendant-appellant was caught, almost literally red-handed, by police while trying to stuff envelopes containing contraband drugs into the pocket of his neighbor at a bar. There was, however, no evidence except his proximity to the place of concealment to connect defendant with a cache of similar drugs beneath the bar rail, and that exhibit must be rejected as evidence. Since chemical analysis of the two separate packages was undifferentiated, it is not possible to tell whether the quantity of drugs remaining for consideration was sufficient to justify conviction for other than simple possession. The only other point raised even worthy of serious consideration is the claim that defendant was prejudiced by last-minute consolidation of the indictment of which convicted with another indictment which charged sale of a different drug. We hold that he was not. To begin at the end, the jury was sufficiently unprejudiced and discriminating to acquit him of the other charge, which had been prosecuted with vigor. At the beginning, we find that counsel raised no plea of surprise and declared that he was ready to proceed. The joinder was a proper exercise of judicial discretion (CPL 200.20, subd. 2, par. [c]; subds. 3, 4, 5). Concur — Markewich, J. P., Kupferman and Steuer, JJ.; Capozzoli and Murphy, JJ. concur in the result in the following memorandum by Capozzoli, J.: I concur in the result reached by the majority, but disagree with its holding that it was not error for the trial court to allow a "last-minute consolidation of the indictment of which convicted with another indictment which charged sale of a different drug". It is noted that each indictment involved the possession of a different narcotic almost a year apart and different prosecution witnesses. If precedents are to be followed, it clearly appears that the ruling of the trial court was in error, in view of this court's holding in *People* v. *Hayden* (37 A D 2d 945) where, amongst other things, we said: "Although there is sufficient proof to sustain the verdict of guilty by the jury, we are forced to reverse the conviction because of the error of the trial court in consolidating indictment No. 1293/69, charging the shooting incident of September 28, 1968, with indictment No. 1774–70, charging the shooting incident of October 23, 1968. * * * Under the circumstances, the granting of the motion to consolidate should have been denied in the interest of justice. (*People* v. *Pepin*, 6 A D 2d 992; *People* v. *Nerone*, 32 Misc 2d 536; *People* v. *Namolik*, 8 A D 2d 685 )" I do not vote for

reversal because substantial justice is done by the majority in reducing the crime of which convicted to the Class A misdemeanor of possession of a dangerous drug, sixth degree, and reducing the sentence to imprisonment for one year.