■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD CONNORS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered April 20, 1978, convicting him of robbery in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and matter remitted to Criminal Term for new trials in accordance herewith. A robbery was committed on October 7, 1977 by three men, one of whom was armed with a handgun. Several hours thereafter and two miles away from the scene of the robbery, defendant was seen by police officers in possession of a handgun as he stood, otherwise innocently, in front of a pool hall. Following his apprehension by the police, which was solely the result of his possession of the weapon, defendant was identified as one of the men who had committed the earlier robbery and, in fact, the one with the gun. Thereafter, defendant was separately indicted for the robbery and for possession of the weapon (several other crimes stemming from defendant's alleged resisting arrest were also charged with the possession count; defendant was acquitted of the other charges and they are not herein involved). Prior to trial, the People moved to consolidate the two indictments for trial. The motion was granted over the defendant's objection. Defendant has now appealed from his resulting conviction, contending, *inter alia,* that the joint trial of these indictments was

improper and prejudicial. We agree. Indictments may be consolidated for joint trial if the crimes alleged in each could be joined in a single indictment (CPL 200.20, subd 4). Such joinder is permissible, *inter alia,* where the offenses arise out of the same transaction, or where they arise out of separate transactions and proof of either would be material and admissible as evidence in chief at the trial of the other (CPL 200.20, subd 2, pars [a], [b]). Defendant's possession of the weapon was not a part of the same criminal transaction which resulted in the robbery; it was removed from the robbery both by time and place and had absolutely no connection therewith (see CPL 40.10, subd 2). Nor would proof of defendant's possession of the weapon be properly admissible in a separate trial for the robbery, as there was no connection shown between the gun found in his possession and the gun used in the robbery (see *People v Molineux,* 168 NY 264; cf. *People v Condon,* 26 NY2d 139). Accordingly, there should be separate trials as to the charges of robbery and possession of a weapon. Rabin, J. P., Gulotta, Cohalan and Bracken, JJ., concur.