■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND PABON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered August 6, 1979, convicting him of robbery in the first degree, criminal possession of stolen property in the third degree, criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered on the present indictment solely with respect to count No. one charging, defendant with robbery in the first degree, count No. four, charging defendant with criminal possession of stolen property in the third degree and count No. seven, charging defendant with criminal possession of a weapon in the fourth degree, in accordance herewith. Count No. five of the indictment is dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury (see *People v Beslanovics,* 57 NY2d 726). A robbery was committed on December 8, 1978, at approximately 7:00 P.M., by a man armed with a sawed-off shotgun. Approximately 45 minutes later, and three blocks away, defendant was arrested as a suspect in the robbery. A .22 caliber gun and a gravity knife were recovered. Defendant was indicted for, *inter alia,* robbery in the first degree, and criminal possession of stolen property in the third degree. Count No. five, charging defendant with criminal possession of a weapon in the second degree with respect to the .22 caliber gun, and count No. seven, charging defendant with criminal possession of a weapon in the fourth degree as regards the gravity knife, were included in the indictment. Prior to trial, defense counsel moved to sever count No. five from the remainder of the indictment, arguing that its inclusion would be prejudicial. The motion was denied. After both sides rested, the trial court ruled that it would only submit the lesser included offense of criminal possession of a weapon in the third degree with respect to count No. five, and denied defense counsel's renewed motion to sever. Defendant now appeals from his conviction, contending that the failure to sever was improper and prejudicial. We agree. All offenses charged in a single indictment must be "joinable" pursuant to CPL 200.20. In the instant case, the joinder would be permissible only if the offenses arose out of the same criminal transaction (CPL 200.20, subd 2, par [a]). Defendant's possession of the .22 caliber gun was not part of

the same criminal transaction which resulted in the robbery committed with a sawed-off shotgun (see CPL 40.10, subd 2). Furthermore, there was no connection shown between the gun found in defendant's possession, and that used in the robbery. Therefore, proof of such possession would not have been properly admissible in a separate trial for the robbery. Although not raised by defendant, the same holds true for the gravity knife. Accordingly, defendant should have been granted a separate trial with respect to counts Nos. five and seven of the indictment (see *People v Connors*, 83 AD2d 640). Gulotta, J. P., O'Connor, Weinstein and Bracken, JJ., concur.