■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GADSDEN, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was indicted for robbery in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the third degree. Defendant moved to sever the weapon count from the robbery counts, arguing that they were not properly joined and that joinder of the weapon possession charge would be extremely prejudicial to defense of the robbery charges. The court denied that motion. After a jury trial, defendant was acquitted of the weapon count but convicted of the robbery counts. Defendant contends that his motion for severance should have been granted and that, despite his acquittal on the weapon count, the proof of his possession of a shotgun tended to establish his propensity to commit the armed robbery. We agree.

Two offenses, even though based on different criminal transactions, may be joined in the same indictment when "[s]uch offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first" (CPL 200.20 [2] [b]). On a motion for severance, the court must sever

counts which are not properly joined and has no discretion to sever counts which are properly joined *(see, People v Bongarzone,* 69 NY2d 892, 895; *People v Lane,* 56 NY2d 1, 7). The robbery counts, on which defendant was convicted, arose out of an incident on February 2, 1983 at a bar in Rochester wherein defendant robbed one patron and attempted to rob another while brandishing a handgun. The weapon count arose out of an incident 10 days later at another bar where police officers went seeking defendant as a suspect in the February 2 robbery. As an officer approached defendant to ask for identification, defendant leaned to the right and appeared to place something on the floor. The officer later observed a sawed-off shotgun leaning against the bar on the footrest next to the place defendant had been seated. Defendant ran from the bar but was arrested a few days later.

Proof of defendant's commission of the robbery was not admissible to prove defendant's guilt of criminal possession of the shotgun or vice versa. The incidents were unrelated in time and place and completely dissimilar in nature. The People argue that defendant's flight from the police on the second occasion is admissible evidence of defendant's guilty conscience in the robbery. There is no rule of evidence which would admit evidence of an uncharged crime to show flight nor does defendant's possession of the shotgun tend to show his guilty knowledge of robbery. The motion for severance should have been granted as the counts were clearly improperly joined *(see, People v Pabon,* 96 AD2d 870; *People v Connors,* 83 AD2d 640).

The People contend that, in view of defendant's acquittal on the weapon charge, any misjoinder was harmless error. Although harmless error analysis may be applied to a misjoinder of offenses *(see, People v Ferringer,* 120 AD2d 101, 111), it is impossible to conclude that defendant was not prejudiced by the joinder. Proof of defendant's commission of the robbery and attempted robbery, while strong, was not overwhelming. There is an obvious danger that the jury considered the proof of defendant's possession of the shotgun to establish his propensity to commit armed robbery. The fact that the jury acquitted defendant of the weapon count does not eliminate the possibility that he was convicted of the robbery charges on the cumulative impact of the proof of both incidents. A new trial on the robbery counts is therefore required. (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—robbery, first degree, and attempted robbery, first degree.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.