■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CARABALLO, Appellant.—Judgment, Supreme Court, New York County (Rose L. Rubin, J.), rendered April 18, 1988, convicting defendant, after a jury trial, of robbery in the second degree and criminal possession of a weapon in the fourth degree and sentencing him, as a predicate felon to concurrent indeterminate sentences of 3 to 6 years and one year, respectively, and consecutive terms of 1 to 3 years' imprisonment for violating the conditions of his probation on an earlier case, unanimously reversed, on the law, and the matter remanded for separate trials on the robbery and weapon possession counts.

On the evening of March 23, 1987, defendant and his codefendant, Carlos Caraballo, robbed complainant at the corner of 105th Street and Third Avenue in Manhattan. Two police officers drove up to that corner and saw the complainant across the street waving his hands and yelling that he was robbed. Although the complainant did not state that he was robbed at knifepoint, one of the police officers testified that he saw a shiny object in defendant's hand. Moreover, defendant and Carlos ran away when they saw the police officers. The police officers gave chase and apprehended the two men. Thirty dollars and a switchblade knife were recovered from defendant's pants pocket.

On defendant's motion, the court severed the two counts of the indictment. After the trial, the jury became deadlocked and the court declared a mistrial. Prior to the second trial, which resulted in the convictions herein appealed from, the court granted the prosecutor's motion to reconsolidate the separate counts of the indictment. After the evidence was presented, the court denied counsel's renewed motion to sever the two counts. Defendant contends that the court's refusal to

resever the two counts denied him a fair trial. We agree. The two counts of the indictment were not properly joinable under CPL 200.20 (2) (b). The evidence that defendant possessed a knife would not have been admissible as evidence-in-chief at his trial for an unarmed robbery. Nor was the fact that he committed an unarmed robbery relevant to the issue of whether he was guilty of criminal possession of a weapon in the fourth degree. Furthermore, the evidence that defendant possessed a knife presented a substantial danger that the jury would conclude that defendant was predisposed to commit the robbery (see, People v Gadsden, 139 AD2d 925, 926).

In view of the foregoing, we do not address defendant's other contentions. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.