■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH COMMUNIELLO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered January 8, 1991, convicting him of robbery in the first degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of robbery in the first degree under the first count of the indictment, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the charge of robbery in the first degree.

Under Indictment No. 1041/90, the defendant was charged with having committed, *inter alia,* (1) the felony of robbery in the first degree on February 9, 1990, and (2) the misdemeanor of criminal possession of a controlled substance in the seventh degree on February 16, 1990. Immediately prior to trial, the defendant moved to sever the drug possession count from the robbery count, arguing that they were not properly joined and

that joinder of the drug possession charge would be extremely prejudicial to his defense of the robbery charge. Although the motion was untimely, i.e., it was not made within 45 days after arraignment and no good cause was shown for the delay (see, CPL 255.20 [1], [3]), the prosecutor did not oppose the motion on that ground, and the Supreme Court entertained the motion and denied it on the merits. The defendant was ultimately convicted of both crimes.

In our view, the Supreme Court committed reversible error in denying the defendant's motion for a severance.

The robbery offense and the drug offense charged in the instant indictment were not "based upon the same act or upon the same criminal transaction" (CPL 200.20 [2] [a]). Nor were these offenses "of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first" (CPL 200.20 [2] [b]). Finally, these offenses are not "defined by the same or similar statutory provisions" (CPL 200.20 [2] [c]). Under these circumstances, it was error to deny the defendant's motion for a severance (People v Connors, 83 AD2d 640; People v Gadsden, 139 AD2d 925). As the Appellate Division, Third Department stated in People v Gadsden (supra, at 925-926): "On a motion for a severance, the court must sever the counts which are not properly joined".

Nor can the misjoinder be considered harmless error. Although the defendant admitted in his direct testimony that two vials of cocaine were found in his hat on February 16, 1990, and that he placed them there, the evidence concerning the defendant's commission of the robbery, on February 9, 1990, was far from overwhelming. Only one witness, the complainant, implicated the defendant in the robbery, and the defendant, testifying in his own defense, vigorously denied committing that crime. The danger and prejudice to the defendant from this improper joinder can be ascertained from the prosecutor's summation, wherein she stated:

"The only disputed charges here are the robbery charges, and I submit to you that clearly someone is lying * * *

"Do you buy the testimony of the defendant who so boldly came out and told you that he possessed two vials of crack on the day he was arrested?"

Under these circumstances, we are of the view that the trial court's failure to grant the defendant's motion for a severance warrants reversal of the defendant's conviction for robbery in the first degree, and the granting of a new trial on that count.

Since we are reversing the defendant's conviction of robbery in the first degree and directing a new trial on that charge based on improper joinder of the offenses, we need only briefly address one other meritorious argument raised by the defendant. During the trial, the Supreme Court allowed the prosecutor to cross-examine the defendant concerning his prior conviction of the violation of disorderly conduct and the underlying facts of that conviction, i.e., the defendant's arrest during a "drug sweep". The Supreme Court allowed this cross-examination by the prosecutor on the ground that the defendant had opened the door thereto by stating in his direct testimony that "I was never in trouble in my life". However, a review of the record indicates that these words were inadvertently uttered by the defendant in the midst of a fairly lengthy and apparently emotional segment of his direct testimony, wherein he gave his version of the incident which occurred on February 9, 1990, and categorically denied committing the robbery on that date. Indeed, the prosecutor recognized the context in which these words were uttered, since she immediately objected to them on the obvious, albeit unstated ground, that they were not responsive to the defense counsel's question. Moreover, the Supreme Court sustained the prosecutor's objection, thus effectively removing this area of inquiry from the trial. Under these circumstances, the Supreme Court erred in allowing the prosecutor to subsequently cross-examine the defendant regarding this prior conviction.

We have examined the defendants arguments and find that they are either unpreserved for appellate review (CPL 470.05 [2]), or without merit. Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.