*880 OPINION OF THE COURT
David Goldstein, J.
The issue relates to the remedy to be imposed for the improper joinder of counts in an indictment. Defendant moves to dismiss the indictment as a result of the misjoinder of certain counts, namely, the murder charge, which occurred December 30, 1991, and the unrelated charge for possession of a controlled substance on April 23, 1992, when he was arrested. In opposition, the People claim that, even if there was a misjoinder, the proper remedy is a severance or dismissal of the additional count, not dismissal of the indictment.
Defendant is charged, inter alla, with murder in the second degree, in that, on December 30, 1991, he allegedly shot Charles Bland and Cherrie Walker with a pistol, thereby causing their deaths. On April 23, 1992, at the time of his arrest, defendant was found to be in possession of a small quantity of cocaine. This possession is the basis of the ninth count of the indictment, a misdemeanor for criminal possession of a controlled substance in the seventh degree. Defendant claims that this count was improperly included in the indictment with the remaining counts, all of which relate to the homicide charges, and that this misjoinder necessitates dismissal of the indictment.
I disagree. CPL 200.20 (2) (a), (b) and (c) provide for joinder of offenses in separate counts when they are based upon the same act or criminal transaction or, although based upon different acts or criminal transactions, where the offenses are of such nature that proof as to one could be material and admissible upon trial of the other, or where the offenses are defined by similar statutory provisions. The statute (CPL 200.20 [1]) permits more than one offense to be charged in separate counts where the offenses are "joinable” and defines joinable offenses in subdivision (2) (a), (b), (c) and (d) as follows:
"2. Two offenses are joinable when:
"(a) They are based upon the same act or upon the same criminal transaction, as that term is defined in subdivision two of section 40.10; or
"(b) Even though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first; or
*881 "(c) Even though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law; or
"(d) Though not directly joinable with each other pursuant to paragraph (a), (b) or (c), each is so joinable with a third offense contained in the indictment.”
A review of the Grand Jury minutes in the case at bar fails to demonstrate any relationship or connection between the homicide counts and the ninth count for criminal possession of a controlled substance in the seventh degree. No evidence was adduced that the homicides were drug related. Moreover, the arrest occurred approximately four months subsequent to the homicides, at which time a small quantity of cocaine was found on defendant’s person. There is neither claim nor proof that the cocaine is connected with or relates to the homicides. Inasmuch as there is no statutory authority to join the ninth count with the remaining counts in the indictment, plainly, there was an improper joinder here.
Defendant contends that the appropriate remedy to correct the misjoinder is dismissal of the entire indictment. He suggests that CPL 210.25 defines as defective an indictment, or a count thereof, which does not substantially conform to the requirements of CPL article 200 and which, under the circumstances of this case, is not subject to amendment to correct the defect. In such case, it is argued, the misjoinder invalidates the entire indictment, not just a single count or group of counts. Under the facts of this case, the contention lacks merit.
There are relatively few reported decisions dealing with the issue of the proper or appropriate remedy for misjoinder of unrelated crimes. Should the entire indictment be dismissed or just the offending count or counts? In the alternative, should a severance be directed? The predecessor to CPL 210.25 (section 323 of the former Code of Criminal Procedure) is instructive. Section 323, insofar as it is relevant to the issue here, permitted a defendant to demur to an indictment, "or any count thereof,” when it appeared that more than one crime was charged in the indictment and there was a misjoinder of counts.
The Court of Appeals has interpreted the former statute in terms of the Court’s authority to dismiss one or more counts of an indictment where there has been a misjoinder (see, *882 People v Rossi, 5 NY2d 396). In Rossi (supra), defendant was charged with defrauding a "Blue Shield” insurance corporation by collecting from the corporation on nine separate claims, each for less than $100, each for the rendition of identical medical services to the insured person. The People, alleging that there were false and fraudulent representations, indicted defendant for one count of grand larceny in the first degree, nine counts of petit larceny and nine counts of filing a false insurance claim. The grand larceny count included all nine transactions, charging that the collection of all nine claims amounted to a single taking by false pretenses. Although the Court of Appeals in that case dealt only with the appealability of the order which had dismissed one count of the indictment, in doing so, it did recognize the trial court’s power and ability under the statute to dismiss a count which had been improperly joined, in lieu of relief directed at the entire indictment. A demurrer to less than all of the counts was specifically provided for by section 323 of the Code of Criminal Procedure, where the counts were unrelated and the acts or transactions were not connected with each other.
In People v Nerone (32 Misc 2d 536), defendant was charged with robbery in the first degree, grand larceny in the second degree and assault in the second degree, all committed on May 16, 1961. The fourth count charged him with possession of a dangerous weapon on a different date, July 5, 1961. This court, per Hon. J. Irwin Shapiro, found that, since the allegation contained in the last count was not connected with or part of a common scheme or plan to commit the first three counts, the joinder of the fourth count with the other three was unauthorized.
As a result, at issue in Nerone (supra) was whether the joinder in one indictment of separate and distinct crimes, not part of a common scheme or plan, required a demurrer to the indictment in its entirety or permitted remedial action as to a single count. In reliance upon former Code of Criminal Procedure § 323, which permitted a defendant to demur to "any count” of an indictment, the court recognized that a demurrer should be limited only to the extent necessary to protect the rights to be vindicated. As a result, Justice Shapiro dismissed the fourth count of the indictment, observing as follows (32 Mise 2d, at 538-539):
"Where * * * the demurrer is based upon a misjoinder of different and unrelated crimes, it should be sustained only to the extent necessary to protect the defendant in the assertion *883 of his rights. That can be done by limiting the necessary corrective measure to the specific fault in the indictment. * * *
"The fact that the defendant has demurred to the entire indictment does not limit the court to either allowing or disallowing the demurrer in its entirety, but it may be allowed to the extent necessary to obviate the harm to a defendant intended to be prevented by section 278 of the code when it prohibited charging more than one crime in an indictment.”
The current legislative scheme is in material respects the same as that in effect when People v Nerone (supra) was decided. CPL 210.20 (1) (a) authorizes the bringing on of a motion to dismiss an indictment "or any count thereof,” when the indictment or count is defective, within the terms contained in CPL 210.25. The latter statute, derived from the former section 323, delineates as defective an indictment that does not substantially conform to the requirements in CPL article 200, but permits the court, in its discretion, to amend the indictment "where the defect or irregularity is of a kind that may be cured by amendment” (CPL 210.25 [1]).
Thus, the court is vested with wide latitude in terms of fashioning an appropriate remedy depending upon the facts and circumstances of the case and to the extent necessary to protect and safeguard the defendant’s rights. Taking into account all of the underlying facts and circumstances, those rights are fully protected here by either dismissal or severance of the count which had been misjoined. Review of the Grand Jury minutes affirmatively demonstrates that the homicide charges were not in any way affected by the grand jurors’ consideration of the misdemeanor drug possession charge. In fact, the proof relating to the homicide charges was presented to the Grand Jury before the testimony of the arresting officer, who stated that, when he placed defendant under arrest, a search incident thereto disclosed the presence of eight vials of crack, the factual predicate for the drug charge. However, notwithstanding the People’s argument that the murders were drug related, there was no proof adduced before the Grand Jury to conclude that the deaths were drug related, and nothing to connect the drug possession with the homicides, which occurred four months earlier. Moreover, the Grand Jury was carefully instructed to consider each charge separately and the evidence applicable to each individually.
Under the facts and circumstances of this case, no purpose *884 would be served by dismissal of the entire indictment in lieu of more individualized relief in terms of the improperly joined count. Conceivably, there may be situations where dismissal of the indictment would be more appropriate, such as where the Grand Jury’s consideration of an improperly joined count infects or adversely affects their consideration of the remaining charges so as to be prejudicial to the defendant. Suffice for present purposes to observe that this is not such a case.
Nevertheless, taking into account the position assumed by the People, that the deaths were in fact drug related, substantial prejudice could result to defendant here were the jury permitted to hear that, when he was arrested four months later, he was in possession of a controlled substance. Clearly, dismissal or severance of the drug charge would obviate any resulting harm.
In my view, under the circumstances of this case, I find dismissal of the drug charge far more appropriate than the direction of a severance, notwithstanding that, in a proper case, the court does have the power to order a severance in lieu of dismissal of any count not properly joined (see, People v Communiello, 180 AD2d 809; People v Gadsden, 139 AD2d 925; People v Connors, 83 AD2d 640; cf., People v Lane, 56 NY2d 1). As was held in these and other cases, the court has no discretion to sever counts which have been properly joined but must sever counts which have not been properly joined. In the alternative, where it deems such relief appropriate to correct a misjoinder, the court, in its discretion, may dismiss a defective count or indictment (CPL 210.20, 210.25).
In our case, the thrust of the Grand Jury presentation was the homicide charges, not the drug possession. The misdemeanor charge was presented to the Grand Jury because the cocaine was found on defendant’s person when he was arrested. Were the issue not raised in conjunction with the homicide presentation, the drug charge could have been pursued by the District Attorney, if he deemed it advisable, in the Criminal Court, a far more appropriate forum.
Bearing in mind the overriding considerations of court congestion and conservation and efficient use of judicial resources, such misdemeanor charge should have been pursued and disposed of in the Criminal Court, not the Supreme Court, which is already overburdened by growing calendars. The resources of the Supreme Court would be far better utilized by handling and disposing of the more serious felony charges *885 here, with misdemeanor charges remaining in the Criminal Court. No reason appears to have such lesser charges tried in the Supreme Court, with the usual procedures attendant thereto, including juries of 12 persons. In the absence of some legislative mechanism to permit a transfer of a misdemeanor charge in a situation like the present one, in my view, the more appropriate relief here is to dismiss the misdemeanor count, with leave to resubmit to another Grand Jury and with instruction to the Grand Jury that the charge be returned to the Criminal Court of the City of New York, if they be so advised.
Accordingly, upon the foregoing, defendant’s motion is granted only to the extent that the ninth count of the indictment is dismissed with leave to re-present to another Grand Jury in accordance with the foregoing, and is otherwise denied.