■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO MASAGUILAR, Appellant. [926 NYS2d 914]—

Although the Supreme Court should have granted the defendant's motion to sever the count charging criminal possession of a controlled substance in the fourth degree from the remaining counts (*see* CPL 200.20 [2] [a], [b]; *People v Singson*, 40 AD3d 1015, 1016 [2007]; *People v Communiello*, 180 AD2d 809, 809-810 [1992]; *People v Connors*, 83 AD2d 640, 640-641 [1981]), the error was harmless, as the evidence of the defendant's guilt was overwhelming, and there is no significant probability that the error contributed to the defendant's convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Singson*, 40 AD3d at 1016).

The defendant's challenges to the alleged instances of prosecutorial misconduct at trial and in summation are unpreserved for appellate review (*see People v Muniz*, 44 AD3d 1074 [2007]; *People v Jenkins*, 38 AD3d 566, 567 [2007]). In any event, although some of the prosecutor's questions and comments on cross-examination of the defendant and in summation were improper, they constituted harmless error (*see People v Crimmins*, 36 NY2d at 241-242; *People v Ortiz*, 46 AD3d 580, 581 [2007]).

The defendant was not deprived of the effective assistance of counsel. Considering the totality of the evidence, the law, and the circumstances of the case, trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]). Covello, J.P., Chambers, Lott and Miller, JJ., concur.