■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY FISHER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered July 19, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was implicated in the robbery of a Queens grocery store during which an employee was shot and killed. During the course of their investigation of the crime, the New York City Police requested the cooperation of the Philadelphia authorities in locating the defendant. When the defendant was subsequently arrested in Philadelphia on a drug charge, the New York City detectives were notified, and the defendant subsequently confessed to his participation in the New York crime. An arrest warrant was then sent via teletype from New York to Philadelphia. The New York City Police had previously obtained the confession of an accomplice. The People's motion to consolidate the resulting indictments of the defendant and the accomplice was granted.

Criminal Term did not abuse its discretion in granting the People's motion to consolidate the indictments *(see, People v Lane,* 56 NY2d 1, 8). The separate confessions of the defendant and his accomplice were duplicative in their description of the crucial facts concerning the incident, and, therefore, the spirit of the *Bruton* rule *(Bruton v United States,* 391 US 123) was not violated *(see, People v Berzups,* 49 NY2d 417, 425).

The defendant's contention that the request of the New

York City Police for cooperation from the Philadelphia police was the equivalent of an arrest warrant which would have caused his right to counsel to attach *(see, People v Samuels,* 49 NY2d 218, 221), is without merit as there was no significant judicial involvement until the receipt of the warrant, which occurred after the defendant made his statement to the police *(see, People v Estrada,* 109 AD2d 977, 979; *People v Davis,* 94 AD2d 900).

We have considered the defendant's other contentions and find them to be without merit. Lazer, J. P., Brown, Weinstein and Niehoff, JJ., concur.