■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM HILAIRE, Respondent. [705 NYS2d 382] —Appeal by the People from so much of an order of the County Court, Nassau County (Boklan, J.), dated May 27, 1999, as granted that branch of the defendant's application which was to dismiss count three of Nassau County Indictment No. 722/99, charging him with criminal possession of a weapon in the third degree, on the ground that the People failed to define "operability".

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the application is denied, and count three of the indictment is reinstated.

Although the statutory definitions of "firearm" (Penal Law § 265.00 [3]) and "loaded firearm" (Penal Law § 265.00 [15]) do not mention operability, it is well settled that the firearm must

be operable to support a conviction for criminal possession of a weapon (*see, People v Longshore,* 86 NY2d 851, 852; *People v Grillo,* 15 AD2d 502, *affd* 11 NY2d 841; *People v Ansare,* 96 AD2d 96). There is, however, no statutory definition of the word operable.

A Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law. It is sufficient that the Grand Jury be provided with enough information to enable it to intelligently decide whether a crime has been committed and whether there exists legally sufficient evidence to establish the material elements of the crime (*see, People v Calbud, Inc.,* 49 NY2d 389, 394-395; *see also,* CPL 190.65 [1]). The prosecutor's failure to define "operable" did not render the Grand Jury instruction so incomplete and misleading as to impair the integrity of the Grand Jury (*see,* CPL 210.35 [5]; *People v Calbud, Inc., supra,* at 396). O'Brien, J. P., Sullivan, Luciano and Smith, JJ., concur.