■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN CHACON, Appellant. [713 NYS2d 484] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 25, 1993 (*People v Chacon,* 189 AD2d 1093), affirming a sentence of the Supreme Court, Kings County, imposed September 11, 1990.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Mangano, P. J., Thompson, Sullivan and S. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WINCESLAS GEORGES, Respondent. [713 NYS2d 487] —Appeal by the People from so much of an order of the County Court, Nassau County (Boklan, J.), dated April 20, 1999, as granted that branch of the defendant's motion which was to dismiss counts six, seven, and eight of the indictment.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to dismiss counts six, seven, and eight of the indictment is denied, and counts six, seven, and eight of the indictment are reinstated.

The defendant was indicted, *inter alia,* on charges of criminal possession of a weapon in the second degree under count six of the indictment and two counts of criminal possession of a weapon in the third degree under counts seven and eight of the indictment. As to those charges, a Grand Jury need not be instructed explicitly that a firearm, to be operable, must have the capacity to discharge ammunition (*see generally, People v Longshore,* 86 NY2d 851). The instructions given to the Grand Jury here as to operability were more than sufficient (*see, People v Hilaire,* 270 AD2d 359). Accordingly, the court should not have dismissed counts six, seven, and eight of the indictment. Florio, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.