■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS BAILEY, Also Known as LEWIS BAILEY, Appellant. [796 NYS2d 401]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered March 27, 2003, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged, inter alia, with attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree in connection with a shooting which took place on October 18, 2001. The jury acquitted him of the attempted murder and assault charges, but convicted him of the charge of criminal possession of a weapon in the second degree.

The defendant asserts that his conviction is not supported by legally sufficient evidence. Specifically, he contends that, in light of the acquittals, and since the remaining bullet in the gun he possessed was found to be defective, the prosecution failed to

prove possession of a loaded firearm so as to sustain his conviction of criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [2]).

The defendant's argument was not raised with specificity at the trial and, accordingly, it was not preserved for appellate review (*see* CPL 470.05 [2]; *People v Adams*, 281 AD2d 486, 487 [2001]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. A firearm must be operable to support a conviction of criminal possession of a weapon (*see People v Hilaire*, 270 AD2d 359, 359-360 [2000]). However, based on the evidence adduced at the trial, a rational jury could have inferred that, at some point before the defendant's apprehension by the police and the concomitant recovery of the weapon, he possessed a firearm loaded with operable ammunition with the intent to use it unlawfully against another (*see* Penal Law § 265.03 [2]). Accordingly, the fact that upon actual recovery of the weapon, it contained only a defective bullet, is not determinative.

The defendant's remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.