■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM A. GERARD, on Behalf of ROSENDO RIVERA, Petitioner, v JAMES A. KRALIK, Respondent. [858 NYS2d 771]—

Writ of habeas corpus in the nature of an application for the release of the detainee Rosendo Rivera from the Rockland County Jail.

Adjudged that the writ is sustained, without costs or disbursements; and it is further,

Ordered that the respondent James A. Kralik, the Superintendent of the Rockland County Jail, is directed to immediately release the detainee Rosendo Rivera upon service upon him, or his representative, of a certified copy of this decision, order and judgment.

On May 2, 2000, pursuant to his plea of guilty, the detainee was sentenced to a determinate prison term of two years upon his conviction of assault in the second degree. Neither the sentencing minutes nor the court's order of commitment mentioned the imposition of any period of postrelease supervision. Nonetheless, as a result of a notice of violation issued by the New York State Division of Parole (hereinafter the Division of Parole), the detainee has been arrested and is now being held in the Rockland County Jail for violating a period of postrelease supervision imposed in connection with his May 2, 2000 conviction. Upon this Court's remittal of this matter to the Supreme Court, Rockland County, for a hearing and report on the issue of whether the detainee is being held solely based on an alleged violation of the terms of postrelease supervision or whether there are independent charges against him which form the basis of his detention, the parties stipulated that the detainee is being held solely based on an alleged violation of the terms of postrelease supervision.

The Division of Parole has no authority to impose a period of postrelease supervision, or any other component of a sentence (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358 [2008]). Consequently, because the detainee is currently incarcerated due to his alleged violation of the terms of the postrelease supervision improperly added to his sentence by the Division of Parole, the detainee is entitled to immediate release from custody (*see People ex rel. Gerard [Colarusso] v Kralik*, 44 AD3d 804 [2007]). Miller, J.P., Dillon, Balkin and McCarthy, JJ., concur.