THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER HELENESE, Appellant. [907 NYS2d 223]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered February 27, 2007, convicting him of criminal possession of a weapon in the third degree (two counts) and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02 (4) is unpreserved for appellate review (see CPL 470.05 [2]; *People v Adams*, 281 AD2d 486 [2001]). In any event, viewing the evidence in the light most favorable to the prosecution (see *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant possessed an operable weapon (see *People v Longshore*, 86 NY2d 851, 852 [1995]; *People v Benjamin*, 24 AD3d 565 [2005]; *People v Rodriguez*, 238 AD2d 447 [1997]; *People v Bailey*, 19 AD3d 431, 432 [2005]; see also *People v Hilaire*, 270 AD2d 359, 359-360 [2000]). Moreover, in fulfilling our responsibility to conduct an indepen-

dent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the criminal possession of a weapon in the third degree count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. The police entry into a hotel room where the defendant was arrested, and their subsequent recovery of a gun, did not violate the defendant's Fourth Amendment rights (*see People v Molnar*, 98 NY2d 328, 331 [2002]; *People v Mitchell*, 39 NY2d 173 [1976], *cert denied* 426 US 953 [1976]; *see also Brigham City v Stuart*, 547 US 398, 400 [2006]). The objective facts known to and observed by the police provided them with reasonable grounds to believe that an emergency was at hand and that they had a reasonable basis, approaching proximate cause, to associate the emergency with the area that was searched (*see Brigham City v Stuart*, 547 US at 400; *People v Molnar*, 98 NY2d 328 [2002]; *People v Desmarat*, 38 AD3d 913 [2007]).

The defendant's contention that the trial court erred in admitting evidence of uncharged crimes and in failing to give a limiting instruction to the jury regarding use of this evidence is unpreserved for appellate review since the defendant neither raised the arguments asserted on appeal, requested that the court give such an instruction to the jury, nor objected to the charge as given (*see* CPL 470.05 [2]; *People v Willis*, 69 AD3d 966 [2010]; *People v Croswell*, 63 AD3d 754 [2009]). In any event, the trial court appropriately allowed the prosecutor to elicit evidence of the uncharged drug transaction to elucidate the relationship between the defendant and the victim, as well as the motive for the defendant's act of unlawfully imprisoning the victim (*see People v Mendez*, 70 AD3d 861 [2010]; *People v Sayers*, 64 AD3d 728 [2009]). Moreover, any error resulting from the alleged failure to give a limiting instruction was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Giuca*, 58 AD3d 750 [2009]; *People v Pergya*, 53 AD3d 631 [2008]).

The defendant also argues that the prosecutor failed to turn over certain reports in violation of *People v Rosario* (9 NY2d

286 [1961], *cert denied* 368 US 866 [1961]) and *Brady v Maryland* (373 US 83 [1963]). However, this argument, which is raised for the first time on appeal, is based on matter dehors the record, and cannot be reviewed on this direct appeal from the judgment (*see People v Jackson*, 41 AD3d 498, 500 [2007]).

Contrary to the defendant's contention, the "prosecutor's opening statement adequately described what the People intended to prove, and properly prepared the jury to resolve the factual issues at the trial" (*People v Larios*, 25 AD3d 569, 570 [2006]; *see* CPL 260.30 [3]). Additionally, the prosecutor's summation comments constituted fair comment on the evidence and fair response to arguments presented in the summation by defense counsel and did not deprive the defendant of a fair trial (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Baez*, 59 AD3d 635, 636 [2009]; *People v White*, 5 AD3d 511 [2004]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Prudenti, P.J., Rivera, Santucci and Miller, JJ., concur.