■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WALKER, Appellant. [922 NYS2d 497]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered June 18, 2009, convicting him of burglary in the first degree (10 counts), assault in the first degree, and attempted burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342

[2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that a telex sent by the Suffolk County police to other jurisdictions identifying the defendant as a person wanted by the police for questioning was the equivalent of an arrest warrant which caused his right to counsel to attach, and therefore statements he made after the telex was sent should have been suppressed (*see People v Samuels*, 49 NY2d 218, 221 [1980]). This contention is without merit, as there was no judicial involvement in the issuance of the telex. Indeed, there was no significant judicial involvement in the case until the issuance of the actual arrest warrant, which occurred after the defendant made his statements to the police (*see People v Fisher*, 121 AD2d 655, 656 [1986]; *People v Estrada*, 109 AD2d 977, 979 [1985]; *People v Davis*, 94 AD2d 900 [1983]).

The County Court did not improvidently exercise its discretion in admitting evidence of an uncharged crime to complete the narrative of the current crime. Any prejudice related to the introduction of the uncharged crime evidence was minimized by the County Court's limiting instruction. In any event, any error in the admission of such evidence was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the alleged error contributed to his conviction (*see People v Helenese*, 75 AD3d 653, 654 [2010]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention in point four of his brief regarding the admission of certain photographs is without merit. Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.