■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM M. BURG, Appellant. [942 NYS2d 377]—

Appeal by the defendant from a resentence of the County Court, Dutchess County (Hayes, J.), imposed August 3, 2010, which, upon his conviction of sodomy in the first degree, upon his plea of guilty, imposed a period of postrelease supervision of five years in addition to the determinate term of imprisonment previously imposed by the same court on April 4, 2002.

Ordered that the resentence is reversed, on the law, and the period of postrelease supervision is vacated.

The defendant was arrested in 2000 and subsequently pleaded guilty to sodomy in the first degree. In 2002, the defendant was sentenced by the County Court to a determinate term of imprisonment of 10 years. No period of postrelease supervision was imposed. It is undisputed that the defendant, having reached the maximum expiration date of his sentence, was released from prison on July 22, 2010.

On August 3, 2010, the County Court resentenced the defendant by adding to his original sentence a five-year period of postrelease supervision. This was error, as the addition of a period of postrelease supervision after the maximum expiration date of the defendant's sentence violated the Double Jeopardy Clause of the United States Constitution (*see People v Lingle*, 16 NY3d 621 [2011]; *People v Williams*, 14 NY3d 198 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]).

Accordingly, the resentence must be reversed and the period of postrelease supervision vacated. Mastro, A.P.J., Rivera, Dillon and Angiolillo, JJ., concur.