■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WALKER, Appellant. [942 NYS2d 369]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated May 3, 2011 (*People v Walker*, 84 AD3d 842 [2011]), affirming a judgment of the County Court, Suffolk County, rendered June 18, 2009.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Mastro, A.P.J., Balkin, Leventhal and Belen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEVEN W. LEVINE, on Behalf of WILLIAM M. BURG, Petitioner, v ADRIAN H. ANDERSON, Dutchess County Sheriff, et al., Respondents. [942 NYS2d 364]—Writ of habeas corpus in the nature of an application to release the detainee from incarceration on the ground that the detainee is incarcerated due to his alleged violation of the terms of postrelease supervision that was illegally imposed on him.

Adjudged that the writ is sustained, without costs or disbursements; and it is further,

Ordered that the Warden of the facility at which the detainee is incarcerated, or his or her representative, is directed to immediately release the detainee upon service upon him or her, or his or her representative, of a certified copy of this decision, order, and judgment.

The detainee is currently incarcerated due to his alleged violation of the terms of the postrelease supervision which was imposed in a resentence on August 3, 2010. Since that period of postrelease supervision was illegally imposed and has been vacated (*see People v Burg*, 94 AD3d 1014 [2012] [decided herewith]), the detainee is entitled to immediate release from custody (*see People ex rel. Gerard v Kralik*, 51 AD3d 1045 [2008]). Mastro, A.P.J., Rivera, Dillon and Angiolillo, JJ., concur.