■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAL DANIELS, Appellant. [962 NYS2d 177]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered June 18, 2009, convicting him of burglary in the first degree (10 counts) and assault in the first degree, upon a jury verdict, and sentencing him to determinate terms of imprisonment of 25 years followed by a period of five years of postrelease supervision on the convictions of burglary in the first degree under counts 1, 2, 3, 4 and 5 of the indictment and assault in the first degree under count 6 of the indictment, with these sentences to run concurrently with each other, and to determinate terms of imprisonment of 25 years followed by a period of five years of postrelease supervision on the convictions of burglary in the first degree under counts 7, 8, 9, 10 and 11 of the indictment, with these sentences

to run concurrently with each other and consecutively to the sentences imposed on the first 6 counts of the indictment.

Ordered that the judgment is affirmed.

The County Court providently exercised its discretion in admitting evidence of an uncharged assault committed by a coperpetrator to complete the narrative of events underlying the defendant's commission of the charged crimes. Any prejudice related to the introduction of the uncharged crime evidence was minimized by the County Court's limiting instruction. In any event, any error in the admission of such evidence was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the alleged error contributed to his conviction (see People v Walker, 84 AD3d 842, 843 [2011]; People v Helenese, 75 AD3d 653, 654 [2010]).

The County Court properly allowed the People to elicit from a complainant that he knew the defendant because he had purchased drugs from the defendant, since the defendant opened the door to that line of inquiry (see People v Rojas, 97 NY2d 32, 38 [2001]).

The defendant's challenge to the alleged instance of prosecutorial misconduct in summation is unpreserved for appellate review (see People v Masaguilar, 86 AD3d 619, 620 [2011]; People v Muniz, 44 AD3d 1074, 1075 [2007]). In any event, the challenged remarks were responsive to defense counsel's summation, and not so flagrant as to deprive the defendant of a fair trial (see People v Jenkins, 93 AD3d 861, 862 [2012]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). The evidence at trial showed that the defendant participated in a series of late-night home invasions in which the victims were aroused from sleep and threatened with a shotgun and other weapons, had their homes ransacked, and in some instances, were tied with duct tape. Several victims were assaulted, including one who was seriously injured after being hit in the forehead with a hammer. While our dissenting colleague is correct that the County Court stated at sentencing that the defendant was a "follower," and not the leader of the group that committed the burglaries, the defendant told the police that one of the burglaries was his idea, and that he was the one who had the shotgun during one of the burglaries.

The defendant's remaining contentions are without merit. Rivera, J.P., Chambers and Lott, JJ., concur.

Hall, J., concurs in part, and dissents in part, and votes to modify the judgment, as a matter of discretion in the interest of justice, by reducing the sentence imposed to determinate terms

of imprisonment of 25 years followed by a period of five years of postrelease supervision on each count of burglary in the first degree and the count of assault in the first degree, to run concurrently with each other, with the following memorandum:

I agree with the majority as to its determination of all issues raised on this appeal except the appropriate sentence to be imposed. In my view, the defendant's aggregate sentence of 50 years of imprisonment is excessive. Thus, I must respectfully dissent, in part.

The defendant was convicted, upon a jury verdict, of 10 counts of burglary in the first degree and 1 count of assault in the first degree. These convictions arose out of the defendant's participation in five separate home invasions. I acknowledge the serious nature of the crimes committed by the defendant, and am cognizant that the defendant's actions violated the sanctity of the victims' homes. Nonetheless, I believe that the defendant's aggregate sentence of 50 years of imprisonment is excessive.

As observed by this Court in *People v Suitte* (90 AD2d 80 [1982]), even though the sentencing of a criminal defendant is a matter entrusted to the discretion of the sentencing court, this Court may substitute its own judgment for that of the sentencing court even where the sentencing court has not abused its discretion (*see id.* at 85-86). This authority is primarily based on CPL 470.15 (3) (c), which permits the Appellate Divisions to modify a sentence "[a]s a matter of discretion in the interest of justice."

The defendant was 19 years old when he committed these crimes, and was 21 years old at the time of sentencing. The defendant had no prior criminal convictions. He expressed remorse for his actions to the Suffolk County Probation Department (hereinafter the Probation Department). Furthermore, while the crimes in this case were ostensibly the product of gang activity, the defendant stated to the Probation Department that he was no longer involved in the gang. I also note that, prior to trial, the defendant was offered a determinate sentence of 20 years of imprisonment in exchange for a plea of guilty. The aggregate sentence actually imposed, however, was 30 years greater.

The sentence imposed on the defendant will result in his release from prison when he is 71 years old. That period of time will be the majority of the defendant's adult life. In my estimation, the principal objectives of a criminal sanction, i.e., deterrence, rehabilitation, retribution, and isolation (*see People v Sanchez*, 131 AD2d 606, 609 [1987]; *People v Suitte*, 90 AD2d at 83), can be achieved by imposing an aggregate sentence of 25

years of imprisonment on the defendant, which is still a substantial sentence. Indeed, with a 25-year sentence, the defendant would still serve the majority of his young-adult life in prison.

My conclusion in this regard is also guided by the "criterion that a minimum amount of confinement should be imposed 'consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant' " (*People v Notey*, 72 AD2d 279, 282-283 [1980], quoting ABA Standards Relating to Sentencing Alternatives and Procedures, Approved Draft, § 2.2). In my view, an aggregate sentence of 25 years of imprisonment is the minimum amount of confinement consistent with the objectives of protecting the public, achieving retribution for the crimes committed against the victims, and providing the defendant with an opportunity for rehabilitation.

I acknowledge that the codefendant Thomas Walker also received an aggregate sentence of 50 years in prison, and that such sentence was found to be not excessive by this Court (*see People v Walker*, 84 AD3d 842 [2011]). However, I do not believe that this Court's determination in *Walker* precludes a reduction in the defendant's sentence. In contrast to the defendant's lack of any prior criminal conviction, Walker was previously convicted of two felonies, one of which was for attempted burglary. While the defendant expressed remorse for his crimes to the Probation Department, Walker denied his involvement. In addition, the sentencing court found that Walker was a "leader" while the defendant was a "follower, one of [Walker's] soldiers." Although Walker and the defendant were both convicted of 10 counts of burglary in the first degree and 1 count of assault in the first degree, Walker was also convicted of an additional count of attempted burglary in the first degree. Based on these distinguishing factors, it is my opinion that this Court's determination in *Walker* does not preclude a reduction in the defendant's sentence "[a]s a matter of discretion in the interest of justice" (CPL 470.15 [3] [c]).

Accordingly, this Court should exercise its discretion by reducing the defendant's sentence and imposing an aggregate determinate sentence of 25 years of imprisonment. Thus, I respectfully dissent on the basis of the sentence alone, and vote to modify the judgment by reducing the sentence imposed to the extent indicated.