Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered June 18, 2009, convicting him of burglary in the first degree (10 counts) and assault in the first degree, upon a jury verdict, and sentencing him to determinate terms of imprisonment of 25 years followed by a period of five years of postrelease supervision on the convictions of burglary in the first degree under counts 1, 2, 3, 4 and 5 of the indictment and assault in the first degree under count 6 of the indictment, with these sentences to run concurrently with each other, and to determinate terms of imprisonment of 25 years followed by a period of five years of postrelease supervision on the convictions of burglary in the first degree under counts 7, 8, 9, 10 and 11 of the indictment, with these sentences *808 to run concurrently with each other and consecutively to the sentences imposed on the first 6 counts of the indictment.
Ordered that the judgment is affirmed.
The County Court providently exercised its discretion in admitting evidence of an uncharged assault committed by a coperpetrator to complete the narrative of events underlying the defendant’s commission of the charged crimes. Any prejudice related to the introduction of the uncharged crime evidence was minimized by the County Court’s limiting instruction. In any event, any error in the admission of such evidence was harmless, as there was overwhelming evidence of the defendant’s guilt and no significant probability that the alleged error contributed to his conviction (see People v Walker, 84 AD3d 842, 843 [2011]; People v Helenese, 75 AD3d 653, 654 [2010]).
The County Court properly allowed the People to elicit from a complainant that he knew the defendant because he had purchased drugs from the defendant, since the defendant opened the door to that line of inquiry (see People v Rojas, 97 NY2d 32, 38 [2001]).
The defendant’s challenge to the alleged instance of prosecutorial misconduct in summation is unpreserved for appellate review (see People v Masaguilar, 86 AD3d 619, 620 [2011]; People v Muniz, 44 AD3d 1074, 1075 [2007]). In any event, the challenged remarks were responsive to defense counsel’s summation, and not so flagrant as to deprive the defendant of a fair trial (see People v Jenkins, 93 AD3d 861, 862 [2012]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). The evidence at trial showed that the defendant participated in a series of late-night home invasions in which the victims were aroused from sleep and threatened with a shotgun and other weapons, had their homes ransacked, and in some instances, were tied with duct tape. Several victims were assaulted, including one who was seriously injured after being hit in the forehead with a hammer. While our dissenting colleague is correct that the County Court stated at sentencing that the defendant was a “follower,” and not the leader of the group that committed the burglaries, the defendant told the police that one of the burglaries was his idea, and that he was the one who had the shotgun during one of the burglaries.
The defendant’s remaining contentions are without merit. Rivera, J.P., Chambers and Lott, JJ., concur.