People v Reyes (2024 NY Slip Op 24253)

[*1]

People v Reyes

2024 NY Slip Op 24253

Decided on September 27, 2024

Supreme Court, New York County

Newbauer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on September 27, 2024
Supreme Court, New York County

The People of the State of New York,

against
Elijah Reyes, Defendant.

Ind. No. 72115-24

ADA James Waller, New York County District Attorney's Office, for the People
My Le, Legal Aid Society, for the Defendant

April A. Newbauer, J.

The defendant Elijah Reyes has moved by omnibus motion for various forms of pretrial relief. The motion is decided as follows:
Grand Jury Minutes/Dismissal of Indictment
The defendant's motion to inspect the grand jury minutes is granted. The defendant makes several arguments for why his indictment for a single count of criminal possession of a firearm (PL § 265.01-b (1)) should be dismissed.
Hearsay evidence
Hearsay evidence is generally inadmissible in the grand jury, particularly where the prosecutor fails to present other admissible evidence of the same facts. See, Criminal Procedure Law (CPL) §§ 190.30(1); 60.10; People v. Huston, 88 NY2d 400 (1996); People v. Batistia, 71 AD3d 779 (2d Dept 2010); People v. Quintana, 36 AD3d 505 (1st Dept 2007). 
Here, the defendant asserts that the only evidence presented to the grand jury supporting the People's argument that he had constructive possession of the firearm is inadmissible hearsay. Specifically, the defendant alleges that Detective Metsopulos's testimony that identification cards and letters found in the safe where a firearm was discovered listed the defendant's name and address and contained his photograph is based on hearsay, and not admissible in the grand jury. This argument is without merit. The detective's observations of what he observed in the safe are not hearsay. Unlike People v. Diaz, 63 Misc 3d 1211(A) (NY Crim Ct. 2019), in which the People introduced a police officer's testimony of a victim's address based on seeing her driver's license, the truth of the specific statement—the defendant's address—on the letters and identification cards in the safe were not admitted in the instant case.[FN1]
Rather, Det. Metsopulos's observation that he found letters addressed to the defendant along with his identification cards in the same safe as a firearm supports the People's constructive possession argument. Taken together with evidence that the detective had obtained a search warrant for this apartment and that there was no evidence in the safe referencing any person other than Elijah Reyes, these facts provided the grand jurors provide ample grounds to conclude that defendant possessed a firearm.
Exculpatory evidence argument
Second, the defendant argues that the People failed to introduce exculpatory evidence regarding the documents found in the safe. Specifically, the defendant claims the People should have informed the grand jury that the address listed on his documents inside the safe was different than the address where the safe itself was discovered. However, the prosecutor did introduce evidence that upon his arrest the defendant represented that he lived at an address in Brooklyn, not at the subject apartment. The detective also offered that he did not remember whether the subject apartment was the address listed on the identification papers in the safe. In addition, while a prosecutor must instruct the grand jury on applicable complete defenses, such as justification, "[t]he prosecutor may decline to instruct the grand jury about a variety of defenses, and he or she need not disclose certain forms of exculpatory evidence or reveal to the grand jury the circumstances surrounding the authorities' investigation of the case." See People v. Valles, 62 NY2d (1984); People v. Thompson, 22 NY3d 687, 698 (2014). Although the defendant's license listed another address, any discrepancy between the address where the firearm was discovered and the defendant's DMV-registered address is not a complete defense; indeed, as the People note, it is not even clearly exculpatory. A person may live at or occupy a different address than their DMV-registered address. The court declines to find that the People withheld exculpatory evidence from the grand jury.
Bruen argument
Third, the defendant argues that the indictment is unconstitutional given the Supreme Court's decision in New York State Rifle & Pistol Association, Inc. v. Bruen, 142 S. Ct. 2111 (2022). To the extent that the defense is attempting to argue that Penal Law § 265.01-b(1) is unconstitutional because Penal Law 400.00 et seq. is unlawful in its entirety, the claim is rejected. See People v. Cherif, 220 AD3d 543 (1st Dept 2023); People v. DeLarosa, 219 AD3d 1230 (1st Dept 2023); People v. Adames, 216 AD3d 519 (1st Dept 2023). Accord, People v. Brown, 2022 NYLJ LEXIS 1051 (Sup Ct Bronx Co); People v. Rodriguez, NY Slip Op 22217 (Sup Ct, NY Co 2022); People v. Williams, 2022 NY Slip Op 22252 (Sup Ct Kings Co). The defendant does not allege that he has applied for a license, see People v. Johnson, 225 AD3d 453 (1st Dept 2024), or made a colorable showing that he could have legally possessed a gun but was thwarted by an unconstitutional licensing requirement See People v. Brown, 2022 NYLJ LEXIS 1051 ("Defendant also does not allege any facts supporting an argument that he would have been able to satisfy all aspects of the Sullivan Law's licensing requirements "); People v. Williams, 175 N.Y.S.3d 673 (Kings Cty. S. Ct. 2022) ("defendant has not shown that he could have overcome the constitutionally permissible restrictions in the licensing provisions "). The court declines to dismiss the indictment on account of New York State Rifle & Pistol Association, Inc. v. Bruen, 142 S. Ct. 2111 (2022).
Operability argument
Finally, the defense alleges that the People failed to introduce sufficient evidence that the firearm was operable. The court requested additional briefing from the parties on the issue of operability and specifically, whether the People must give an instruction on operability to the grand jury. Operability is, of course, an element of the offense of criminal possession of a firearm. See, e.g., People v. Longshore, 86 NY2d 851 (1995). This court finds that while the People must present evidence of operability, they need not explicitly instruct the grand jury on this element. See People v. Hilaire, 270 AD2d 359 (2nd Dept. 2000). As courts have routinely found, "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law." People v. Calbud, 49 NY2d 1140 (1980). [*2]Specifically, in People v. Hilaire, the Second Department considered this question and held the following: "[t]he prosecutor's failure to define 'operable' did not render the Grand Jury instruction so incomplete and misleading as to impair the integrity of the Grand Jury." People v. Hilaire, 270 AD2d at 360 (2nd Dept. 2000) (citing People v. Calbud, 49 NY2d 1140 (1980)).
Defendant's argument would carry more force had the People not introduced evidence of operability. The prosecutor introduced a New York City Police Department Laboratory Report stating that the firearm was tested and "found to be operable." Grand Jury Minutes, p. 20. The defense objects that this report is not sufficient evidence of operability because it was submitted by the People electronically and therefore must be corroborated by a second certification document. CPL § 190.30(2-a). While the defense's reading of CPL § 190.30(2-a) is correct, the defense does not cite any cases in which courts dismissed an indictment for a technical violation of this rule. It may indeed now be a historical artifact. A search of the relevant case law reveals that the vast majority of cases citing this rule were decided more than twenty years ago, when the courts had an extremely different relationship to and reliance on electronic transmission of documents. The court declines to dismiss the indictment on account of the People's failure to introduce a second certification; sufficient evidence of operability of the firearm was introduced at the hearing.
Accordingly, upon inspection of the grand jury minutes, the court denies the defendant's motion to dismiss the indictment or reduce a charged offense in the indictment. The minutes reveal that a quorum of the grand jury was present during the presentation of evidence and at the time the People instructed the grand jurors on the law. The evidence before the grand jury was legally sufficient to establish a prima facie case for each count in the indictment. On balance, the People properly instructed the grand jury on the law. The instructions were not defective as a matter of law. Therefore, the motion to dismiss the indictment is denied.
Pretrial Hearings
The motion for voluntariness hearings regarding any statements defendant made to civilians, or that might be used on cross-examination is denied as premature. The defense may renew thhis argument before the trial judge should the People attempt to introduce any such evidence.
No suppression hearings are requested.
Sandoval Motion
Any applications pursuant to Sandoval and Molineux will be heard immediately before trial. People v. Sandoval, 34 NY2d 371 (1974); People v. Molineux, 168 NY 264 (1901).
Discovery
The People are reminded of their continuing obligation to provide exculpatory information to the defendant. See Brady v. Maryland, 373 U.S. 83 (1963). The parties are ordered to comply with their obligations set forth in CPL. Article 245.
Leave for Further Motions
Upon a proper showing, the court will entertain appropriate additional motions based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have raised in this motion. See CPL § 255.20(3).
The defendant's motion is decided in accordance with the findings above. This shall constitute the decision and order of the court.
E N T E R
Dated: September 27, 2024
New York, New York
April A. Newbauer
Acting Supreme Court Justice

Footnotes

Footnote 1:It would have been better practice for the People to have given a specific instruction to the grand jury that the statements contained on the documents found inside the safe were not to be taken for their truth.